# JOAN DEAN ET AL. *v.* ZONING COMMISSION OF THE CITY OF NORWALK
## (AC 26372)

Flynn, C. J., and Bishop and Peters, Js.

Argued May 1—officially released July 18, 2006

*James R. Fogarty*, with whom, on the brief was *Gerald G. Reidy*, for the appellants (plaintiffs).

*David Fite Waters*, for the appellee (intervening defendant Five Mile River Works, Inc.).

*Simon Sumberg*, assistant corporation counsel, for the appellee (named defendant).

*Opinion*

PETERS, J. This appeal concerns the operational relationship between the Coastal Management Act, codified in General Statutes §§ 22a-90 through 22a-112, and local land use regulations. The act authorizes local zoning commissions to undertake "a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with local zoning requirements and for consistency with the policies of planned coastal management." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Planning & Zoning Commission*, 266 Conn. 338, 359, 832 A.2d 611 (2003). In this case, the owners of waterfront property sought approval to expand their own waterfront usage by availing themselves of a recorded parking easement on adjacent property. Although their applications complied fully with the applicable zoning requirements, the trial court affirmed the zoning commission's denial of their development plans under the Coastal Management Act because enforcing the easement would have an adverse impact on the present water related use of the adjacent property as a marina. The court came to this conclusion without addressing the merits of the applicants' claim

that the marina was a nonconforming use of the adjacent property. Because we are persuaded that the Coastal Management Act does not authorize a court to subordinate the interests created by a valid easement to the interests of an illegal use of the servient estate, we reverse the judgment of the trial court.

On March 27, 2002, the plaintiffs, Joan Dean and Dean Moss Family Limited Partnership, filed a two part coastal area management site plan with the defendant, the zoning commission of the city of Norwalk (commission), to enable them to expand the water dependent use of their property by adding ten docking slips to existing slips at 119 Rowayton Avenue and by constructing ten parking spaces at 117 Rowayton Avenue.[1] The plaintiffs own 119 Rowayton Avenue outright and have a recorded perpetual easement for ten parking spaces at 117 Rowayton Avenue. The intervening defendant, Five Mile River Works, Inc., which owns 117 Rowayton Avenue, did not consent to the plaintiffs' applications. In denying the plaintiffs' applications, the commission made a number of adverse determinations, including a finding that the contemplated parking at 117 Rowayton Avenue would have an adverse impact on current and future water dependent uses at 117 Rowayton Avenue, where the intervening defendant operates a marina.[2]

---

[1] The additional parking is a prerequisite for the expansion because § 118-1220C (18) (a) of the Norwalk building zone regulations requires "1 parking space per mooring or dock space . . . ."

[2] On October 15, 2002, the plaintiffs filed a second set of site plan applications in which they proposed the construction of a new single-family residence at 119 Rowayton Avenue instead of the construction of additional boat slips. The footprint of the residence would reduce available parking at 119 Rowayton Avenue. The plaintiffs therefore again contemplated constructing ten additional parking spaces at 117 Rowayton Avenue. The commission denied those applications, and the trial court rendered a separate judgment (CV03-0193760S) affirming that denial. Because the plaintiffs have not briefed any claims with respect to these applications, we do not consider their merits and dismiss the appeal to the extent that it challenges that judgment.

The trial court, after finding that the plaintiffs had standing to appeal and were aggrieved, concluded that their site plan proposals for use of parking spaces at 117 Rowayton Avenue complied with the requirements of the Norwalk building zone regulations.[3] Although the commission and the intervening defendant argued to the contrary at trial, neither has filed a cross appeal. It is, therefore, the law of the case that, insofar as the Coastal Management Act requires compliance with municipal regulations, the plaintiffs have established their entitlement to approval of their plans to add boat slips to their property at 119 Rowayton Avenue because their easement gives them the right to construct the required ancillary parking spaces at 117 Rowayton Avenue.[4]

The trial court then considered the merits of the commission's finding that the plaintiffs' applications should be denied because of their noncompliance with General Statutes § 22a-106[5] of the Coastal Management

[3] The department of environmental protection (department) informed the commission that it had concerns about the physical feasibility of the proposed expansion of the existing eight slips at 119 Rowayton Avenue to eighteen slips. It also raised questions about the impact of the plaintiffs' applications on public access to the waterfront. The commission's reasons for denying the applications included a finding that "the public access as shown on the latest submitted plans [is] not consistent with the latest [department] approval." Section 118-530C (5) of the Norwalk building zone regulations provides in relevant part: "Properties located on the waterfront shall provide public access adjacent to the water . . . ." The trial court's memorandum of decision did not address the issue of public access expressly. At oral argument before the trial court, however, the plaintiffs represented that, in their first set of applications, the proposed addition of boat slips would produce "no change whatsoever to the public access as it currently exists." Neither defendant took issue with the accuracy of that representation. On this state of the record, it is reasonable to read the court's holding that "[t]he plaintiffs have complied with the applicable municipal regulations involving both properties, which were the subject of the plain applications," as a finding of compliance with § 118C (5).

[4] See footnote 1.

[5] General Statutes § 22a-106 describes the criteria and process for action on coastal site plans. Specifically, it provides in relevant part: "(a) In addition to determining that the activity proposed in a coastal site plan satisfies other

Act. The commission based this denial on the plaintiffs' failure to address the potential adverse impact of their proposed parking spaces on the present water dependent use of 117 Rowayton Avenue. It is undisputed that 117 Rowayton Avenue presently houses a boat yard, a marina and boat slips, but has no parking spaces. The area on 117 Rowayton Avenue that the recorded easement reserves for the plaintiffs' parking use is currently occupied by boats that the marina owns or stores.

The court found: "There exists substantial evidence in the record to support the commission's finding that the [plaintiffs'] proposal would have an adverse impact on water dependent uses and that the adverse impact has not been mitigated."[6] Because a decision of a zoning commission must be upheld if any one of its stated reasons is sustainable; *Municipal Funding, LLC* v. *Zoning Board of Appeals,* 270 Conn. 447, 453, 853 A.2d 511 (2004); *Irwin* v. *Planning & Zoning Commission,* 244 Conn. 619, 629, 711 A.2d 675 (1998); the court rendered

lawful criteria and conditions, a municipal board or commission reviewing a coastal site plan shall determine whether or not the potential adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities are acceptable.

"(b) In determining the acceptability of potential adverse impacts of the proposed activity described in the coastal site plan on both coastal resources and future water-dependent development opportunities a municipal board or commission shall: (1) Consider the characteristics of the site, including the location and condition of any of the coastal resources defined in section 22a-93; (2) consider the potential effects, both beneficial and adverse, of the proposed activity on coastal resources and future water-dependent development opportunities; and (3) follow all applicable goals and policies stated in section 22a-92 and identify conflicts between the proposed activity and any goal or policy.

"(c) Any persons submitting a coastal site plan as defined in subsection (b) of section 22a-105 shall demonstrate that the adverse impacts of the proposed activity are acceptable and shall demonstrate that such activity is consistent with the goals and policies in section 22a-92. . . ."

[6] Neither the commission nor the court addressed the plaintiffs' representation that additional boat slips at 119 Rowayton Avenue would enhance local water dependent activities.

judgment in favor of the commission and the intervening defendant.

The court expressly declined to consider the merits of the plaintiffs' argument that the commission should not have required them to take account of the water dependent use of 117 Rowayton Avenue because, lacking any on-site parking, that use did not conform to § 118-1220C (18) (a) of the Norwalk building zone regulations.[7] The court similarly declined to consider whether the present owner's use "represent[ed] an interference with the lawful use of a recorded easement and a breach of duty owed to the holder of the easement." Such issues, the court held, were not before the court because they were not before the commission, which "was charged with evaluating the coastal management criteria based upon the applications before it, not with deciding the extent of the rights of the parties in and to 117 Rowayton Avenue."

If upheld, the trial court's ruling makes the plaintiffs' recorded perpetual easement forever unenforceable, not because of any failing on their part, but because various owners of the servient estate have elected to develop the property in clear disregard of the terms of the easement and in apparent disregard of applicable zoning regulations. We agree with the plaintiffs that the Coastal Management Act does not authorize this result.

We begin with the undisputed history of the negotiation that led to the granting of the parking easement to the plaintiffs. In 1980, 117 Rowayton Avenue contained a two apartment residence and seven boats slips for rent. The plaintiffs owned a 25 percent interest in this property and Albert B. Hartog, Jr., owned the

[7] The court acknowledged that neither the staff of the commission nor the intervening defendant was able "to refute" the plaintiff's claim that the intervening defendant's use was nonconforming.

remaining 75 percent interest. Hartog wanted to construct an addition to the existing building so that he could use it as his own residence. The plaintiffs declined to sell their interest unless Hartog granted them an easement for the use of ten parking spaces as needed for the plaintiffs' property at 119 Rowayton Avenue. The parties reached an agreement for an easement on these terms after Hartog's receipt of zoning approval for the construction of the addition.[8] As approved on September 23, 1980, the site plan identified nineteen parking spaces for the property, two for the residence, seven for the boat slips and ten for the plaintiffs' parking easement. The approved site plan bore the notation "CAM exempt 9/23/80."[9] The parties executed the agreement for the easement on November 10, 1980, and the plaintiffs promptly recorded their easement at volume 1321, page 137, of the land records of the city of Norwalk. This was an arms length transaction for value.

Hartog lived at the residence until 1987, but the parking spaces contemplated by the 1980 site plan have never been constructed. In an affidavit filed in the present proceedings, Hartog acknowledged that, in agreeing to the easement, he "was aware that the use of

[8] The parking easement provides: "Know all men by these presents, that Albert B. Hartog, Jr. and Gail P. Hartog, of the Town of Norwalk, County of Fairfield and State of Connecticut, for the consideration of One ($1.00) Dollar and other valuable considerations, received to their full satisfaction of FREDERICK MOSS, of Riverside Drive, New York, New York, and Harold M. Dean, of Tokeneke Beach Road, Darien, Connecticut, do give, grant, bargain, sell, and confirm upto the said FREDERICK MOSS and HAROLD M. DEAN, their heirs and assigns, forever, the right, privilege, and authority to perpetually maintain a parking lot for up to ten (10) parking spaces for the use of the premises abutting the premises below described to the north, only if required so that the premises to the north will comply with the off-street parking regulations of, the City of Norwalk, over the following described property:

"Parking spaces No. 9 through 18 inclusive on assessor's lots 20 & 21 on that certain [map] . . . which map is to be filed simultaneously with the recording of this easement."

[9] The parties have not addressed the significance of this notation.

said easement would eliminate parking spaces for [his] slips," but he was, at that time, "primarily interested in living in the residence . . . ."

In time, the property came to be acquired by the intervening defendant. The residence has been replaced by a commercial building, and the boat slips have become part of a full service boatyard. In these proceedings, neither the commission nor the intervening defendant has challenged the validity of the easement.

The trial court declined to address the plaintiffs' argument that an assessment under the Coastal Management Act of the impact of the plaintiffs' applications on water dependent activities at 117 Rowayton Avenue required consideration of the nonconformity of the intervening defendant's use of that property. The court held that "[i]t may be demonstrated that the actions of the owners of the burdened estate, 117 Rowayton Avenue, represent an interference with the lawful use of a recorded easement and a breach of duty owed to the holder of the easement.

"It may also be proven, at another time, that violations of the Norwalk zoning regulations are present at 117 Rowayton Avenue, and that the plaintiffs have therefore been unreasonably prevented from exercising their easement rights.

"However, these issues are not before the court, and were not before the [commission]. A public agency can only act within the scope of the powers and duties which the law prescribes. . . .

"The [commission] was charged with evaluating the coastal management criteria based upon the applications before it, not with deciding the extent of the rights of the parties in and to 117 Rowayton Avenue." (Citation omitted.)

We disagree with the court's construction of the administrative record. The commission was asked to address the nonconformity of the intervening defendant's use of 117 Rowayton Avenue in light of § 118-1220C (18) (a) of the zoning regulations, and it did so. The plaintiffs raised this issue at the public hearing by introducing into evidence an aerial photograph that demonstrated the complete absence of parking at 117 Rowayton Avenue. Harold Dean went on to comment: "The owners of 117 Rowayton Avenue have been compensated for any potential adverse impact to the water dependent use caused by our perpetual easement, although there may be no legal water dependent [use] at this time. And *we do not believe that one can impact an illegal use.*" (Emphasis added.) Furthermore, one of the reasons advanced by the commission for denying the plaintiffs' applications was that implementation of the parking easement would violate the zoning regulations because it would result in "increasing the nonconformity of the parking at 117 Rowayton Avenue . . . ."[10]

More fundamentally, we disagree with the trial court's assumption that, in enacting the Coastal Management Act, the legislature intended the preservation and enhancement of coastal resources to take priority over vested property rights. On the contrary, General Statutes § 22a-92 (a) (6) describes the act's goals and policies as the development of sound resource conservation practices that are "consistent with . . . constitutionally protected rights of private property owners . . . ."

---

[10] Moreover, in the transcript from the executive session, Commissioner Michael Lyons stated: "I think that the attorney for the applicant made to me a very interesting, perhaps compelling case *that the water dependent uses at the other site may not deserve any protection at all under the . . . act, if they're all there through illegal construction that was never permitted.*" (Emphasis added.)

As the plaintiffs note, in *Leabo* v. *Leninski*, 182 Conn. 611, 616–18, 438 A.2d 1153 (1981), our Supreme Court held that, although the Coastal Management Act was intended to encourage public access to the Long Island Sound, this public policy did not justify material interference with the rights of private property owners to use their own beach easement rights. The plaintiffs argue that their easement is entitled to similar deference.

The intervening defendant suggests, however, that *Leabo* is irrelevant because it was not a zoning appeal. We disagree. In the absence of Coastal Management Act considerations, a zoning commission would be hard put to justify denial of a lawful property owner's site plan application that *conforms* with all municipal zoning regulations on the ground that the application would disserve the competing interests of a *nonconforming* property owner. Nothing in the text of the Coastal Management Act suggests that the protection of water dependent uses authorizes a zoning commission to disregard the user's noncompliance with applicable zoning regulations. Clearly, the intervening defendant could not prevail if the marina were being used to store contraband. Due respect for zoning regulations compels the same result here. Indeed, the very fact that the Coastal Management Act contemplates compliance with local zoning requirements and consistency with the policies of planned coastal management underscores the legitimacy of the plaintiffs' reliance on the rights reserved to them by their easement under the circumstances of this case.

The appeal is dismissed to the extent that it challenges the judgment in docket no. CV03-0193760S. The judgment in docket no. CV02-0191583S is reversed and the case is remanded to the trial court with direction to sustain the plaintiffs' appeal from the denial of their site plan applications for additional boat slips at 119

Rowayton Avenue and ancillary parking at 117 Rowayton Avenue.

In this opinion the other judges concurred.