STRATEK PLASTICS, LTD., ET AL. *v.*
JEAN-PIERRE IBAR
(AC 30465)

Harper, Alvord and Mihalakos, Js.

Argued December 2, 2009—officially released March 23, 2010

*Jean-Pierre Ibar*, pro se, the appellant (defendant).

*Kenneth M. Rozich*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendant, Jean-Pierre Ibar, appeals from the judgment of the trial court confirming an arbitration award that resulted from arbitration proceedings he had entered into with the plaintiffs, Stratek

Plastics, Ltd., and Stamford Polymer Research Laboratory, Inc. On appeal, the defendant claims that (1) the court improperly granted the plaintiffs' application to confirm the arbitration award and (2) the court improperly denied the defendant's request to open the judgment confirming the award. Underlying both of these claims is an allegation that the defendant was not properly served with notice. We affirm the judgment of the trial court.

"General Statutes § 52-417 provides that in ruling on an application to confirm an arbitration award [t]he court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in [General Statutes §§] 52-418 and 52-419. . . . The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in . . . §§ 52-418 and 52-419. . . . Furthermore, if a motion to vacate, modify or correct is not made within the thirty day time limit specified in General Statutes § 52-420, the award may not thereafter be attacked on any of the grounds specified in §§ 52-418 and 52-419." (Citations omitted; internal quotation marks omitted.) *Amalgamated Transit Union Local 1588* v. *Laidlaw Transit, Inc.*, 33 Conn. App. 1, 3–4, 632 A.2d 713 (1993).

The defendant did not file a motion to vacate, modify or correct the award as prescribed in §§ 52-418 and 52-419 within the thirty day time limit specified in § 52-420. Therefore, the court correctly issued an order confirming the award. As such, there is no error.[1]

The judgment is affirmed.

[1] The defendant's argument that he did not have proper notice of the plaintiffs' application to confirm the arbitration award is of no consequence to our analysis. Section 52-420 (b) clearly places the onus of filing a motion to vacate, modify or correct on the party challenging the award within thirty days of receiving notice of the arbitration *award*, not on the counterparty's filing of an application to confirm the award with the Superior Court. *All Seasons Services, Inc.* v. *Guildner*, 94 Conn. App. 1, 7, 891 A.2d 97 (2006).