### DEAN-MOSS FAMILY LIMITED PARTNERSHIP *v.* FIVE MILE RIVER WORKS, INC.
#### (AC 31615)

Beach, Robinson and Alvord, Js.

Argued March 18—officially released July 26, 2011

*Daniel J. Klau,* for the appellant (defendant).

*James R. Fogarty,* for the appellee (plaintiff).

ALVORD, J. The defendant, Five Mile River Works, Inc., appeals from the judgment of the trial court enjoining it from disturbing, obstructing or interfering with the rights of the plaintiff, Dean-Moss Family Limited Partnership, as set forth in a deeded parking easement that benefits the plaintiff's property. On appeal, the defendant claims that the court's judgment was void because the matter became moot prior to trial when the plaintiff's approvals for its coastal site plan expired by virtue of § 118-1110 (C) (5) of the Norwalk building zone regulations (regulations).[1] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In March, 2002, the plaintiff, together with Joan Dean as a general partner, filed applications for the approval of a two part coastal area management site plan with the zoning commission of the city of Norwalk (commission). If approved, the plaintiff would have been able to expand the water dependent use of its property as a marina by adding ten additional docking slips at 119 Rowayton Avenue and by constructing ten parking places at 117 Rowayton Avenue.[2] The plaintiff is the owner of 119 Rowayton Avenue and has a recorded easement, executed in 1980, for ten parking places on the adjacent property at 117 Rowayton Avenue. The defendant, who is the owner of 117 Rowayton Avenue, operates a marina at that site and opposed the plaintiff's applications. Although the applications fully complied

---

[1] Section 118-1110 (C) (5) of the Norwalk building zone regulations provides: "Coastal site plan review approval of any building, use or structure for which a building permit has not been issued within one (1) year from the effective date shall become null and void, unless an extension of time is applied for and granted by the Commission."

[2] The additional parking is a prerequisite for the expansion because § 118-1220 (C) (18) (a) of the regulations requires one parking space per mooring or dock space. See *Dean* v. *Zoning Commission*, 96 Conn. App. 561, 563 n.1, 901 A.2d 681, cert. denied, 280 Conn. 937, 910 A.2d 217 (2006).

with the applicable zoning regulations, the commission denied them because, inter alia, it determined that the proposed parking at 117 Rowayton Avenue would have an adverse impact on the current and future water dependent uses of the defendant's property.

Dean and the plaintiff appealed from the commission's denials to the Superior Court.[3] After the trial court dismissed their appeals, they filed a certified appeal with this court. We concluded that the trial court incorrectly assumed that the legislature intended that the preservation and enhancement of coastal resources had priority over vested property rights. *Dean* v. *Zoning Commission*, 96 Conn. App. 561, 569, 901 A.2d 681, cert. denied, 280 Conn. 937, 910 A.2d 217 (2006). Accordingly, we reversed the judgment and remanded the case to the trial court with direction to sustain the plaintiff's appeal from the denial of the site plan applications for additional boat slips at 119 Rowayton Avenue and ancillary parking at 117 Rowayton Avenue. Id., 570–71. Pursuant to our remand, the court, *Karazin, J.*, rendered judgment on January 10, 2007, sustaining the plaintiff's appeal from the denial of the site plan applications for the additional boat slips and ancillary parking.

Shortly after judgment was rendered, the plaintiff notified the defendant that it intended to pave the parking spaces in accordance with the engineering plans filed with its coastal site plan applications. By letter dated April 10, 2007, the defendant claimed that "whatever easement rights may have once existed . . . have been extinguished" and stated that it would not permit the plaintiff to enter upon its property at 117 Rowayton Avenue. The plaintiff filed the present action on May 31, 2007, alleging interference with its rights as set forth in the 1980 parking easement and seeking injunctive

[3] Dean is not a plaintiff in the present action.

relief and specific performance.[4] The defendant filed an answer with nine special defenses, and a seven count counterclaim.[5] Following a two day court trial, the court issued its memorandum of decision rendering judgment in favor of the plaintiff. In the October 1, 2009 decision, the court held that the plaintiff "should prevail on its claims for an order enjoining [the defendant] and its agents from disturbing, obstructing or interfering with [the plaintiff's] rights under the parking easement and a judgment specifically enforcing the easement." Further, the court expressly held that the defendant failed to prove any of its special defenses or the allegations in its multicount counterclaim. This appeal followed.

On appeal, the defendant claims that the judgment of the trial court was void because it lacked subject matter jurisdiction to hear the case. Specifically, the defendant argues that the matter became moot prior to trial because the plaintiff's court-ordered approvals of its coastal site plan applications expired in January, 2008, by virtue of § 118-1110 (C) (5) of the regulations. We disagree.

The following additional facts and procedural history are necessary for the resolution of the defendant's claim. On December 17, 2008, which was approximately four months before the scheduled trial, the plaintiff filed a request for permission to amend its complaint to add allegations to the existing counts. The amendment to the complaint alleged that (1) the defendant sent a letter to the commission requesting confirmation that the approvals of the applications ordered by the court on January 10, 2007, had expired, (2) the only reason that the plaintiff had not undertaken the work

---

[4] The third count of the plaintiff's complaint, which sought damages, was withdrawn at the time of trial.

[5] The seventh count of the defendant's counterclaim, which sought damages for alleged drainage problems on the defendant's property caused by the plaintiff's use of its property, was withdrawn at the time of trial.

contemplated by the approvals was because the defendant refused to permit the plaintiff to enter upon the defendant's property, (3) the work contemplated by the approvals did not require the issuance of a building permit and (4) the defendant wrongfully prevented the plaintiff from implementing the approvals of the applications and wrongfully claimed that the approvals had become null and void through the passage of time. The plaintiff additionally requested permission to add the following paragraph to its requests for relief: "A [d]eclaratory [j]udgment, determining that the approvals of the [coastal area management] applications ordered in the [c]ourt's [j]udgment in January, 2007, are fully valid and enforceable until further order of this [c]ourt." The court permitted the amendment to the complaint.

The evidence at trial established that in 1980, the prior owners of 117 Rowayton Avenue (the grantors) granted the parking easement at issue to the plaintiff's predecessor in title. The grantors granted "the right, privilege, and authority to perpetually maintain a parking lot for up to ten (10) parking spaces for the use of [119 Rowayton Avenue] only if required so that [119 Rowayton Avenue] will comply with the off-street parking regulations of the City of Norwalk, over the following described property: Parking spaces [nine] through [eighteen] [as shown on a certain map of 117 Rowayton Avenue]." The plaintiff argued, and the court agreed, that the contingency in the easement had not been met until the plaintiff's application for additional boat slips was approved, thereby triggering the requirement for the additional parking on 117 Rowayton Avenue. According to the court, the easement's contingency was satisfied when, pursuant to our remand order, judgment was rendered on January 10, 2007.

On the basis of the evidence presented to the court, it further determined that "the parking easement is

valid, was obtained by adequate consideration, is enforceable, and has not been lost by adverse use." All of the defendant's special defenses and the claims alleged in its six count counterclaim were addressed thoroughly in the court's memorandum of decision and were rejected. The court did not, however, address the plaintiff's claim for a declaratory judgment as set forth in the amendment to its complaint nor did it include in its judgment the plaintiff's requested language that the approvals were "fully valid and enforceable until further order of this [c]ourt."

We note that the issue of mootness never was raised during the trial. The only indication of a possible claim that the approvals had expired is found in the following two sentences of the defendant's thirty-five page post-trial brief: "Finally, § 118-1110 (C) (5) [of the regulations] requires all construction to be completed within one (1) year from approval (here the [j]udgment of January 10, 2007), otherwise the approval expires unless an extension has been granted. No extension was ever applied for hence none could have been granted."[6] In the conclusion section of that brief, the defendant did not claim that the court should dismiss the action for lack of subject matter jurisdiction. Rather, the defendant claimed that the court should determine that the parking easement was "a sham" when negotiated, that the use of the defendant's property would become illegal if the easement was utilized, that the parking easement was against public policy and unenforceable, that the easement's condition precedent never was satisfied and that the defendant's use of its property extinguished the easement. The defendant

---

[6] We note that the defendant incorrectly stated that all *construction* had to be completed within one year of the effective date of the approvals. Section 118-1110 (C) (5) of the regulations provides that an approval becomes null and void if a *building permit* has not been issued within one year from the effective date of that approval, unless an extension of time is granted by the commission. See footnote 1 of this opinion.

requested the court to render judgment in its favor on the complaint and on its counterclaim and an "order in recordable form discharging said easement."[7]

Nevertheless, the lack of subject matter jurisdiction can be raised at any time. "Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 429–30, 829 A.2d 801 (2003).

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) *Reveron* v. *Board of Firearms Permit Examiners*, 123 Conn. App. 475, 477–78, 1 A.3d 1272 (2010).

---

[7] The defendant's posttrial reply brief did not mention § 118-1110 (C) (5) of regulations nor did it mention the mootness doctrine or subject matter jurisdiction.

The defendant claims that the plaintiff's court-ordered approvals have expired because the plaintiff did not obtain a building permit or request an extension of time from the commission within one year of January 10, 2007, the date of judgment. Because the easement's contingency was satisfied at that time, the defendant argues that the plaintiff's inaction caused the approvals to become null and void as of January, 2008, as directed by § 118-1110 (C) (5) of the regulations. The trial before the court was held on April 21 and 22, 2009, and the court issued its memorandum of decision on October 1, 2009. Because the trial occurred after January, 2008, the defendant claims that the court should have dismissed the plaintiff's action because it lacked subject matter jurisdiction and that the judgment therefore is void.

The plaintiff argues that we cannot conclude that the approvals expired because there is no evidence in the record (1) that a building permit was required for its proposal, (2) that it had not obtained a building permit if one was required or (3) that it had not requested and obtained an extension of time from the commission. Further, the plaintiff claims that even if the mootness doctrine does apply, the capable of repetition, yet evading review exception to the mootness doctrine permitted review of its claims. Finally, the plaintiff claims that the time limitation period referenced in § 118-1110 (C) (5) of the regulations is tolled while the matter is in litigation and cites *Fromer* v. *Two Hundred Post Associates*, 32 Conn. App. 799, 631 A.2d 347 (1993), in support of that argument. We agree that the rationale of *Fromer* applies under the circumstances of this case.

In *Fromer*, the trial court dismissed the plaintiff's appeal from the second extension of a wetlands permit granted by the New London conservation commission inland wetlands agency to the proposed developer of an adjacent parcel of land. The plaintiff claimed that

the commission was without authority to grant a second extension and that, in any event, the issue was moot because the second permit extension had terminated by lapse of time and was void. The defendant argued that the plaintiff's tactics were responsible for the passage of time and that the litigation had the effect of tolling the time limitations or that the plaintiff was equitably estopped from making that claim. The trial court found that it would be "peculiarly inappropriate to permit the plaintiff by appealing the granting of a permit to the Superior Court where it is clear that more than one year will be consumed in the process to thereby render the entire process moot by the expiration of that one year provided for in the regulation." Accordingly, in dismissing the plaintiff's appeal, the trial court in *Fromer* concluded that the theory of equitable estoppel was "peculiarly appropriate" under the circumstances of the case and held that the plaintiff was "estopped from claiming the benefit of the one year limit on the permit in the context of the appeal to render the matter moot." *Fromer* v. *Two Hundred Post Associates*, Superior Court, judicial district of New London, Docket No. 513227 (October 23, 1991) (6 C.S.C.R. 1007).

On appeal to this court, the plaintiff in *Fromer* claimed that estoppel and tolling were not appropriate vehicles to uphold the commission's decision. We held as follows: "[O]n the facts of this case, in which a valid permit was issued to conduct a regulated activity within a specified time period and appeals from the granting of the necessary permits to conduct that activity were not resolved within the time period during which the activity was required to begin, that time period is tolled until all litigation is completed." *Fromer* v. *Two Hundred Post Associates*, supra, 32 Conn. App. 802. In reaching that conclusion, we noted that the defendant had been involved with the subject permit application for

more than five years because of the appeals brought by the plaintiff and that it would have been reckless for the developer to have begun construction of the development while appeals from the granting of the various permits were pending. Id., 805–806. In response to the plaintiff's argument that the regulations permitted only one extension, we stated: "The obvious remedy is to toll the one year duration of the permit until *all* appeals are decided." (Emphasis added.) Id., 807.

In the present case, the defendant argues that *Fromer* is distinguishable because this action is not an administrative appeal that was brought by the defendant to challenge the granting of the permit to the plaintiff, but, rather, it is an action for injunctive relief that was commenced by the plaintiff to enforce the disputed parking easement. The defendant claims that *Fromer* would be applicable only if the commission originally had granted the coastal site plan applications and an adverse party had appealed from that decision. Under those limited circumstances, the defendant claims, the time limitation would have been tolled pending the resolution of the land use appeal. Here, the defendant argues that the plaintiff merely had to apply for a building permit or an extension of time in order for its approvals to remain viable. We are not persuaded by the defendant's arguments and conclude that the rationale underlying *Fromer* is applicable to the facts of this case.

As indicated by the defendant, the plaintiff's applications initially were not granted by the zoning commission, and the commission's denial was upheld in the plaintiff's administrative appeal to the Superior Court. This court, however, determined that the denial was improper and remanded the case to the trial court "with direction to sustain the plaintiffs' appeal from the denial of their site plan applications for additional boat slips at 119 Rowayton Avenue and ancillary parking at 117 Rowayton Avenue." *Dean* v. *Zoning Commission*,

supra, 96 Conn. App. 570–71. Less than three months after judgment was rendered pursuant to this court's remand order, the plaintiff notified the defendant that it intended to pave the parking spaces in accordance with its approved applications. The defendant admitted, in its pleadings and at oral argument before this court, that it refused the plaintiff entry onto its property at 117 Rowayton Avenue and challenged the plaintiff's ability to enforce its claimed rights under the parking easement. Less than two months after the defendant's response in its April 10, 2007 letter, the plaintiff filed the present action seeking to enjoin the defendant from interfering with those rights. At trial, Harold Dean, a witness for the plaintiff, testified that the only reason the plaintiff had not effectuated its parking easement at 117 Rowayton Avenue was because of the defendant's refusal to allow it access onto that property.

The record reflects that the plaintiff has consistently and persistently pursued its right to construct the ten parking places provided for in the recorded parking easement from the time judgment was rendered in its favor on January 10, 2007, through the course of the pending action. The plaintiff has been met with strong resistance from the defendant whenever it attempted to exercise that right. The litigation with respect to the coastal site plan approvals began with the plaintiff's appeal from the commission's denial of its applications and is still ongoing. The injunction action is related directly to the plaintiff's administrative appeal, in which it ultimately prevailed, because the plaintiff continues to attempt to enforce its vested and court sanctioned property right to add ten additional docking slips at 119 Rowayton Avenue and to construct ten parking places at 117 Rowayton Avenue.

It is only because of the peculiar factual situation in this case, i.e., the necessity of entering onto the defendant's property in order to effectuate the parking

easement, that the procedural posture of this case differs from *Fromer*. The underlying rationale for tolling the time limitation in the zoning regulation, however, is equally applicable. It is the defendant's conduct in opposing the granting of the plaintiff's coastal site plan applications, and its subsequent actions in challenging the validity and enforceability of the parking easement that is an integral part of those applications, that has caused the lapse of time that the defendant now claims has resulted in the expiration of those approvals. Thus, even though the present case is not an administrative appeal, we conclude that the *Fromer* rationale is applicable. "Appellate courts of our jurisdiction have long eschewed the practice of elevating form over substance." *Diamond 67, LLC* v. *Planning & Zoning Commission*, 117 Conn. App. 72, 84, 978 A.2d 122 (2009).

The defendant's argument that the plaintiff could have prevented the expiration of the approvals by applying for a building permit or by seeking an extension of time from the commission is not persuasive. Building permits and extensions of time are also limited in duration. They certainly may expire prior to the conclusion of protracted litigation between parties. Further, as conceded by the defendant at oral argument before this court, the commission has the discretion to approve or deny such a request. If approved, the defendant, as did the plaintiff in *Fromer*, could appeal from the commission's decision, which action would cause even more time to elapse. Thus, "[t]he obvious remedy is to toll the one year duration of the permit until all appeals are decided." *Fromer* v. *Two Hundred Post Associates*, supra, 32 Conn. App. 807.

"The regulatory process is not designed to be a spider's web, snaring one who follows all the regulations and statutes, obtains all the necessary permits, and successfully defends a series of appeals, but then loses his right to proceed because the passage of time has

caused the permits to expire." Id., 811. Under the particular circumstances of this case, we conclude that the time limitation in § 118-1110 (C) (5) of the regulations is tolled until all litigation is completed.

The judgment is affirmed.

In this opinion the other judges concurred.