## DIRECTORY ASSISTANTS, INC. *v.* BIG COUNTRY VEIN, L.P., ET AL.
### (AC 32907)

DiPentima, C. J., and Robinson and Espinosa, Js.

Argued December 1, 2011—officially released March 27, 2012

*Linda L. Morkan,* with whom, on the brief, were *Frank F. Coulom, Jr.,* and *Brett J. Boskiewicz,* for the appellant (plaintiff).

*Opinion*

ESPINOSA, J. The plaintiff, Directory Assistants, Inc., appeals from the trial court's judgment dismissing its action under General Statutes § 52-417 to confirm an award in its favor obtained in an arbitration proceeding against several defendants.[1] The plaintiff asserts that the court improperly dismissed its action on the ground that the underlying dispute was not arbitrable.[2] We agree. Accordingly, we reverse the judgment of the trial court and remand the case with direction to render judgment granting the plaintiff's application to confirm the arbitration award.

The following undisputed facts are relevant to this appeal. The plaintiff is a Connecticut based corporation. In February, 2008, it entered into a consulting contract with the defendants in which it agreed to reduce the

---

[1] The defendants originally named in this action are the following related health care entities: Big Country Vein, L.P., Big Country Weight Loss, Big Country Medical Day Spa, Abilene Minor Emergency Clinic, Kerrville Minor Emergency Clinic and New Braunfels Minor Emergency Clinic. We note that only Big Country Vein, L.P., Big Country Weight Loss, and Big Country Medical Day Spa filed a motion to dismiss, and are the only parties to this appeal. Hereafter, references in this opinion to the defendants are to those parties.

[2] The defendants did not respond to the plaintiff's claim on appeal, having failed to file a brief with this court. Therefore, we will consider the appeal on the basis of the plaintiff's brief and oral argument, as well as the trial court record. See *Gail R.* v. *Bubbico,* 114 Conn. App. 43, 45 n.1, 968 A.2d 464 (2009).

defendants' Yellow Pages costs. Subsequently, the parties had a dispute concerning the plaintiff's billing procedures and the services that the plaintiff claimed it performed. The plaintiff sought to resolve the dispute through arbitration, citing the arbitration clause in the parties' contract.[3]

Initially, the plaintiff suggested that the arbitration should take place in New Britain, but the defendants disagreed and demanded that it take place in Texas. In response, the plaintiff suggested three locations that it maintained were approximately equidistant from Connecticut and Texas. The parties did not reach an agreement, and the plaintiff went forward unilaterally with arbitration at the American Dispute Resolution Center (arbitration center) in New Britain on June 17, 2009.

The plaintiff provided the defendants with notice of the arbitration proceeding, but the defendants did not attend the proceeding. Instead, the defendants filed a petition in the United States District Court, 35th Judicial District Court of Brown County, on July 6, 2009, alleging

---

[3] The arbitration clause provides in relevant part: "Should a dispute arise we both agree to try and resolve it with the other party. If we cannot, we both want to resolve it quickly and cost effectively. To achieve that, we both agree to resolve any dispute arising out of or relating to this contract through confidential binding arbitration and agree to mutually choose an arbitration service, location and choice of law forum. If we are unable to come to a mutual agreement, or if one of us refuses to participate in choosing, the party filing a demand will have the right to make the choices unilaterally, as long as the filing party made a good faith effort to come to a mutual agreement, and the non-choosing/non-participating party expressly consents to and waives any and all objectives to the choices made.

* * *

"Either of us may obtain judgment upon an arbitration award in any court in either our home state or your home state, and both of us expressly consent to and waive any objection to the jurisdiction of the court selected by the prevailing party for purposes of seeking confirmation and/or judgment on any arbitration award."

that the parties' dispute was not arbitrable and petitioning for a declaratory judgment and an injunction prohibiting the plaintiff from proceeding with arbitration. *Big Country Vein Relief, L.P.* v. *Directory Assistants, Inc.*, United States District Court, Docket No. CV0907226 (Brown County, Tex. July 6, 2009) (Texas action). On July 28, 2009, the defendants made a request to the arbitration center that the arbitration proceedings be suspended until the conclusion of this litigation, but the arbitration center denied this request on the ground that the court in the Texas action had not issued a temporary stay.

On August 28, 2009, the arbitrator awarded the plaintiff $77,100.78, as well as costs and attorney's fees. The defendants received notice of this award on August 31, 2009. Following the adverse decision of the arbitrator, the defendants amended their petition in the Texas action to include a request to vacate the arbitration award. The defendants did not file a motion to vacate the award in Connecticut.

On October 1, 2009, the plaintiff brought an action in Superior Court to confirm the award pursuant to § 52-417. The defendants filed a motion to dismiss the action for a lack of personal jurisdiction, or, in the alternative, to stay the proceeding pending the outcome of the Texas action. The court found that the defendants properly had preserved their objections to the arbitrability of the dispute. Interpreting the parties' contract, the court found that the dispute was not arbitrable and that the parties' contract unambiguously required that both parties agree to arbitration before one side unilaterally chose the forum, location and choice of law for the arbitration. Therefore, the court determined that the dispute should not have been heard by the arbitration center to which the plaintiff had submitted it, and the court dismissed the action. The plaintiff filed the present appeal on November 23, 2010.

The plaintiff claims that the court improperly dismissed its action on the ground that the underlying dispute was not arbitrable. According to the plaintiff, the court improperly treated the defendants' motion to dismiss as though it implicated the court's subject matter jurisdiction. The plaintiff argues that, under § 52-417, the court was required to confirm the arbitration award in light of the defendants' failure to file a timely motion to vacate, modify or correct the arbitration award. We agree.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Hayes Family Ltd. Partnership* v. *Glastonbury*, 132 Conn. App. 218, 221, 31 A.3d 429 (2011).

Our Supreme Court has explained that "there are two procedural routes by which a party may preserve the issue of the arbitrability of a particular dispute for judicial determination. First, a party may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability. . . . Alternatively, threshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute. . . . In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration." (Internal quotation marks omitted.) *Bacon Construction Co.* v. *Dept. of Public Works*, 294 Conn. 695, 709, 987 A.2d 348 (2010).

Under § 52-417, a party may apply for the confirmation of an arbitration award within one year after it has been rendered. Section 52-417 provides that upon such an application, "[t]he court or judge *shall* grant such an order confirming the award *unless the award is vacated, modified or corrected* as prescribed in sections 52-418 and 52-419." (Emphasis added.)

General Statutes § 52-418 (a) provides that a court shall grant a motion to vacate if it finds one of the following enumerated defects: "(1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-420 (b) creates a time limitation on bringing a motion to vacate: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

"The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in . . . §§ 52-418 and 52-419. . . . Furthermore, if a motion to vacate, modify or correct is not made within the thirty day time limit specified in General Statutes § 52-420, the award may not thereafter be attacked on any of the grounds specified in §§ 52-418 and 52-419." (Internal quotation marks omitted.) *Stratek Plastics, Ltd.* v. *Ibar,* 120 Conn. App. 90, 91, 991 A.2d 577 (2010).

In the present case, the court improperly dismissed the plaintiff's application to confirm on the basis of its finding that the underlying dispute was not arbitrable. As an initial matter, we note that the defendants' motion to dismiss or stay did not raise a question of subject matter jurisdiction. The motion claimed only that the court lacked personal jurisdiction over the defendants. Contrary to the assertion of the plaintiff, although a court is without discretion to consider a matter over which it lacks subject matter jurisdiction; see, e.g., *Dean-Moss Family Ltd. Partnership* v. *Five Mile River Works, Inc.*, 130 Conn. App. 363, 370, 23 A.3d 745 (2011); the defendants' motion did not argue, and the court did not decide, that the court could not hear the case as a matter of law for a lack of subject matter jurisdiction.

Furthermore, this is not a case in which the defendants claimed that there was no agreement to arbitrate. Cf. *MBNA America Bank, N.A.* v. *Boata*, 283 Conn. 381, 394–96, 926 A.2d 1035 (2007) (holding that defendant who objects to existence of arbitration agreement does not fall within scope of § 52-418 and, therefore, does not need to file motion to vacate within thirty days as long as defendant preserved claim as to existence of arbitration agreement). The defendants in this case argued in their petition in the Texas action that the present dispute was not arbitrated properly under the parties' contract. As the defendants' argument presumes that there was an agreement to arbitrate, the claim is still within § 52-418, and, therefore, the time limitation in § 52-420 (b) applies.

The court recognized, appropriately, that the defendants initiated the Texas action before the plaintiff filed its application to confirm. The court held that this preserved the defendants' arbitrability claim under the line of cases that recognize that a party may preserve its claim that a dispute is not arbitrable by "refus[ing] to

submit to arbitration at the outset and instead compel[-ling] a judicial determination of the issue of arbitrability." See *Bacon Construction Co.* v. *Dept. of Public Works*, supra, 294 Conn. 709.

None of this, however, excuses the defendants from complying with the statutorily mandated procedures for challenging an arbitration award established by § 52-417 et seq. Even if we assume that the defendants properly had preserved their objection to the arbitration award by initiating the Texas action, the appropriate response was to file a motion to vacate the award under § 52-418. Having failed to file such a timely motion to vacate, however, the defendants cannot now make these claims through a motion to dismiss the application to confirm. The defendants failed to follow the appropriate procedure for raising their objection in Superior Court. As a consequence, the award has not been vacated, modified or corrected, and the court lacked any discretion in confirming it pursuant to § 52-417. See *Stratek Plastics, Ltd.* v. *Ibar*, supra, 120 Conn. App. 91.

The judgment is reversed and the case is remanded with direction to render judgment granting the plaintiff's application to confirm the arbitration award.

In this opinion the other judges concurred.