## JOHN DRABIK ET AL. *v.* TOWN OF EAST LYME
### (AC 26793)

Gruendel, Harper and Hennessy, Js.

Argued May 30—officially released August 15, 2006

*Albert Speziali,* for the appellants (plaintiffs).

*Edward B. O'Connell,* with whom, on the brief, was *Joshua H. Foley,* for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiffs, John Drabik and Ronald J. Rando, appeal from the judgment of the trial court dismissing the plaintiffs' action as moot. The plaintiffs specifically argue that the capable of repetition, yet evading review exception to the mootness doctrine applies to their otherwise moot action. We affirm the judgment of the trial court.

The plaintiffs allege the following facts relevant to our resolution of their appeal. On December 17, 1999, the residents of the defendant, the town of East Lyme, passed a resolution appropriating $3.8 million for the construction of a specifically defined project known as the Niantic Bay Overlook project (project). On September 6, 2002, plans for the proposed construction were finalized and approved. Bids for the construction were received on November 6, 2002. The bids indicated that the total cost of the project would cost nearly $1 million more than was approved by the voters. In order to keep the project within the approved budget, the defendant,

without voter consent, altered the project by scaling down the original design. Thereafter, the defendant entered into a contract with a private company for the construction of the newly designed project.

On December 3, 2003, the plaintiffs filed a complaint and an accompanying application for a temporary injunction and an order to show cause against the defendant in an attempt to prohibit the defendant from proceeding with any construction that deviated from the original design. On December 22, 2003, the defendant filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the plaintiffs did not have standing because they had not alleged any particular statutory aggrievement or any specific, personal or legal interest that was specifically and injuriously affected by the defendant's action. The court ultimately denied both the defendant's motion to dismiss and the plaintiffs' application for a temporary injunction. The plaintiffs immediately sought Supreme Court review pursuant to General Statutes § 52-265a. The plaintiffs' application for an expedited appeal was denied, and construction of the altered project was completed.

Subsequently, on August 23, 2004, more then nine months after the original complaint was filed, the plaintiffs filed an amended complaint, in which they sought, inter alia, "[a] judgment declaring the construction of the [altered projected] to be an illegal action taken by the [d]efendant . . . since the construction does not conform to the approval granted by the voters and is not otherwise authorized by the town charter or any applicable law." In response, the defendant filed a motion to dismiss on the ground that the case was moot because the altered project was completed. The court granted the defendant's motion to dismiss. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiffs claim that the court improperly granted the defendant's motion to dismiss their

amended complaint as moot. Specifically, they argue, as they did to the trial court, that the capable of repetition, yet evading review exception to the mootness doctrine applies to their otherwise moot action. We are not persuaded.

Before we address the merits of the plaintiffs' claim, we set forth the applicable standard of review and legal principles that guide our review. Since mootness implicates subject matter jurisdiction and raises a question of law, our review of the plaintiffs' claim is plenary. See *In re Claudia F.*, 93 Conn. App. 343, 345, 888 A.2d 1138, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006). As such, we must decide "whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998).

"[A]n otherwise moot question may qualify for review under the capable of repetition, yet evading review exception. To do so, however, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *Concetta* v. *Stamford*, 246 Conn. 281, 295–96, 715 A.2d 756 (1998).

The challenged action in question, as expressed by the plaintiffs, is "the construction of a project which is

substantially different from the project approved by the voters." There is nothing in the record that indicates construction projects, in general, are of limited duration by their very nature so that there is a strong likelihood that the substantial majority of cases raising a question about their validity will become moot before appellate litigation can be concluded. The duration of construction projects vary according to the size and scope of the project. The plaintiffs did not offer any statistical evidence or cite any authority that supports their argument that the validity of most construction projects will not be reviewable because the majority of projects will be completed before appellate litigation can be concluded. The court's conclusion that the challenged action does not satisfy the first prong of the exception was therefore legally and logically correct and supported by the facts that appear in the record.

The judgment is affirmed.

In this opinion the other judges concurred.