# IN RE FORREST B. ET AL.*
## (AC 29398)

Bishop, Lavine and Peters, Js.

Argued May 27—officially released August 19, 2008

trial counsel, that she would not be called so she could come and watch
the trial.

* In accordance with the spirit and intent of General Statutes § 46b-142
(b) and Practice Book § 79-3, the names of the parties involved in this appeal
are not disclosed. The records and papers of this case shall be open for
inspection only to persons having a proper interest therein and upon order
of the Appellate Court.

*Gary J. Wilson*, for the appellant (respondent mother).

*Gregory T. D'Auria*, associate attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Colleen Broderick* and *Susan T. Pearlman*, assistant attorneys general, for the appellee (petitioner).

*John C. Drapp III* and *Joseph A. Jaumann*, for the minor children.

*Opinion*

LAVINE, J. The respondent mother[1] appeals from the judgments of the trial court sustaining orders of temporary custody of her two minor children in the petitioner, the commissioner of children and families. On appeal, she claims that the court improperly concluded that the orders of temporary custody should be sustained pursuant to General Statutes § 46b-129 (b).[2] Because we conclude that the respondent's appeal is moot, we dismiss it.

---

[1] The respondent father is not a party to this appeal. We therefore refer in this opinion to the respondent mother as the respondent.

[2] General Statutes § 46b-129 (b) provides in relevant part: "If it appears from the specific allegations of the petition and other verified affirmations of fact accompanying the petition and application, or subsequent thereto, that there is reasonable cause to believe that (1) the child or youth is suffering from serious physical illness or serious physical injury or is in immediate physical danger from the child's or youth's surroundings, and (2) that as a result of said conditions, the child's or youth's safety is endangered and immediate removal from such surroundings is necessary to ensure the child's or youth's safety, the court shall either (A) issue an order to the parents or other person having responsibility for the care of the child or youth to appear at such time as the court may designate to determine whether the court should vest in some suitable agency or person the child's or youth's temporary care and custody pending disposition of the petition, or (B) issue an order ex parte vesting in some suitable agency or person the child's or youth's temporary care and custody. . . ."

The record contains the following facts and procedural history. On October 23, 2007, the department of children and families received an anonymous call concerning the respondent and her two children, who were living in a room at the Stratford Inn Motel. The caller mentioned deplorable living conditions, a lack of financial means and suspicions about substance abuse. Jennifer Panciera, the social worker assigned to investigate the case, visited the family shortly thereafter and conversed with the respondent for approximately two hours. On the basis of the condition of the children, the respondent's lack of supervision over them, the squalor of the room, the family's transience and the family's absence of resources, Panciera determined that the children were in an unsafe environment. The petitioner then invoked a ninety-six hour administrative hold. See General Statutes § 17a-101g.

On October 26, 2007, the petitioner filed ex parte motions for orders of temporary custody as well as neglect petitions. Finding that the children were in immediate physical danger from their surroundings and that continuation in the respondent's custody was contrary to their welfare, the court, Wolven, J., granted the motions, pending the preliminary hearing. The respondent contested the orders of temporary custody. A trial was held on November 8 and 9, 2007, at the conclusion of which, the court, Wilson, J., sustained the orders by way of an oral decision. It is from these judgments that the respondent appeals.[3]

On January 22, 2008, a hearing on the underlying neglect petitions was held. The respondent failed to attend the hearing, and the court defaulted her for failure to appear. On May 21, 2008, the neglect petitions were resolved as to both parents. Concluding that the

---

[3] Orders of temporary custody are considered final judgments for purposes of appeal. *In re Shamika F.*, 256 Conn. 383, 773 A.2d 347 (2001).

children were neglected, the court committed both children to the custody of the petitioner.

On May 23, 2008, the petitioner, pursuant to Practice Book § 67-10,[4] submitted to us a memorandum of law citing *In re Carl O.*, 10 Conn. App. 428, 523 A.2d 1339, cert. denied, 204 Conn. 802, 525 A.2d 964 (1987), in which this court ruled that an appeal from an order of temporary custody was rendered moot when the children were adjudicated to be neglected. Id., 434. At oral argument on May 27, 2008, the petitioner asserted that because the respondent's children would not be returned to her custody even if she were to prevail on appeal, this court cannot provide her any practical relief. Conceding that the issue is moot, the respondent contends that the capable of repetition, yet evading review exception to the mootness doctrine applies to her appeal. We do not agree with the respondent's contention.

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . .

"We note that an otherwise moot question may qualify for review under the capable of repetition, yet evading review exception. To do so, however, it must meet three requirements. First, *the challenged action, or the effect of the challenged action, by its very nature must be of*

---

[4] Practice Book § 67-10 provides in relevant part: "When pertinent and significant authorities come to the attention of a party after the party's brief has been filed . . . a party may promptly advise the appellate clerk of such supplemental authorities, by letter, with a copy certified to all counsel of record . . . ."

*a limited duration so that there is a strong likelihood
that the substantial majority of cases raising a question
about its validity will become moot before appellate
litigation can be concluded.* Second, there must
be a reasonable likelihood that the question presented
in the pending case will arise again in the future, and
that it will affect either the same complaining party or
a reasonably identifiable group for whom that party can
be said to act as surrogate. Third, the question must
have some public importance. Unless all three require-
ments are met, the appeal must be dismissed as moot."
(Emphasis added; internal quotation marks omitted.) *In
re Steven M.*, 264 Conn. 747, 754–55, 826 A.2d 156 (2003).

Our case law specifically conceives of appeals from
temporary custody orders as moot when the children
involved are adjudicated neglected. See *In re Carl O.*,
supra, 10 Conn. App. 434; see also *Pamela B. v. Ment*,
244 Conn. 296, 321, 709 A.2d 1089 (1998) ("commitment
of the child to the [commissioner] legally supersedes
the temporary custody order"). In support of her argu-
ment that the capable of repetition, yet evading review
exception applies to her case, the respondent has
offered no evidence that most cases challenging a tem-
porary custody order are, by their very nature, of such
a limited duration that there is a strong likelihood that
they will become moot before appellate litigation can
be concluded. See *Drabik v. East Lyme*, 97 Conn. App.
142, 146, 902 A.2d 727 (2006). In failing to establish that
the substantial majority of temporary custody orders
evades review, the respondent has foundered on the
first required criterion of the exception. See *Loisel v.
Rowe*, 233 Conn. 370, 387–88, 660 A.2d 323 (1995). We
thus reject the respondent's claim that the capable of
repetition, yet evading review exception applies to
her appeal.

The appeal is dismissed.

In this opinion the other judges concurred.