ROBERTO HERNANDEZ *v.* STATE OF
CONNECTICUT ET AL.
(AC 32872)

Lavine, Robinson and Bishop, Js.

Argued November 30, 2011—officially released March 6, 2012

*A. Paul Spinella,* for the appellant (plaintiff).

*Linsley J. Barbato,* assistant attorney general, with whom, on the brief, was *George Jepsen,* attorney general, for the appellees (defendants).

*Opinion*

ROBINSON, J. The plaintiff, Roberto Hernandez, appeals from the judgment of the trial court granting the motion to dismiss the complaint as moot filed by the defendants, the state of Connecticut, Richard Blumenthal, then attorney general, and William H. Carbone, the executive director of court support services division.[1] On appeal, the plaintiff contends that the court improperly determined that his claims did not fall within the capable of repetition, yet evading review exception to the mootness doctrine. We affirm the judgment of the trial court.

The plaintiff alleged the following in his complaint. The plaintiff is an indigent resident of the state of Connecticut. On February 7, 2005, the plaintiff was arrested in connection with a robbery that had taken place on

---

[1] Both Blumenthal and Carbone were sued in their official capacities.

January 26, 2005. During his arraignment, the bail commissioner indicated that the plaintiff had " 'no means of support' " but proceeded to recommend a bail amount of $25,000. The court set the plaintiff's bail at $100,000 cash or surety. On April 6, 2005, the plaintiff submitted an application to the Superior Court pursuant to General Statutes § 54-69 seeking a reduction in bail to as low as the court deemed appropriate. Such request was denied by the court. The plaintiff was unable to post the $100,000 bail and was incarcerated as a pretrial detainee for approximately one year. On February 3, 2006, before the commencement of the criminal trial, all charges against the plaintiff were dismissed and the plaintiff was released.[2]

The plaintiff filed the present action on September 23, 2008, and later filed an amended complaint on February 23, 2009. The amended complaint alleged four counts, all of which are premised on the contention that the Connecticut statutes governing pretrial release, set forth in General Statutes § 54-63a et seq., violate both the federal and state constitutional rights of indigent detainees.[3] The plaintiff sought a declaratory judgment that the Connecticut laws that govern bail are

---

[2] The plaintiff filed a lawsuit in the United States District Court for the District of Connecticut against Carbone, the city of Hartford and various members of the Hartford police department for alleged federal and state constitutional violations arising from his arrest and detention. Carbone filed a motion to dismiss. The court dismissed, without prejudice, the plaintiff's " 'as applied' " constitutional claims against Carbone for monetary and injunctive relief after determining that they were moot and there had been no showing that the duration of any pretrial detention would likely be too short as to preclude an incarcerated individual from fully litigating a claim so as to fit within the capable of repetition, yet evading review exception. *Hernandez* v. *Carbone*, 567 F. Sup. 2d 320, 331 (D. Conn. 2008). The court abstained from deciding the facial constitutional claims, pursuant to *Younger* v. *Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *Hernandez* v. *Carbone*, supra, 332–33. After dismissing the federal claims against Carbone, the court declined supplemental jurisdiction over the plaintiff's state constitutional claims. Id., 333–34.

[3] Count one alleges that the statutory scheme violates the eighth amendment of the federal constitution. Count two alleges that the statutory scheme

unconstitutional under the federal and/or state constitutions, a permanent injunction and any equitable relief the court deemed appropriate. The plaintiff's complaint alleged that, although the plaintiff is no longer a pretrial detainee, his challenges to the bail system are not moot because they are capable of repetition, yet likely to evade judicial review. The plaintiff asserted that "[u]pon information and belief, approximately one hundred forty (140) indigent [detainees] per year are unable to secure pretrial release under Connecticut's bail system because financial conditions are set for bail and/or bail is determined by the 'no greater amount than necessary' to secure appearance standard, which does not properly consider financial mean[s] for actually securing release, and, like the plaintiff, all of the approximately one hundred forty (140) indigent [detainees] unable to secure bail had their charges dropped or nolled before trial."

On December 5, 2008, the defendants filed a motion to dismiss on the basis that the court lacked subject matter jurisdiction. Specifically, the defendants contended that the plaintiff's claims were moot, the plaintiff lacked standing and the plaintiff's claims for equitable relief were barred because he had an adequate remedy at law. The plaintiff filed an objection to the defendants' motion to dismiss, contending that he had standing and that he had no adequate remedy at law to bring his equitable claim for injunctive relief. The plaintiff also argued that the issue of whether the bail system is unconstitutional satisfies the capable of repetition, yet evading review exception to the mootness doctrine.[4]

violates the fourteenth amendment of the federal constitution. Count three alleges that the statutory scheme violates article first, § 8, of the Connecticut constitution. Lastly, count four alleges that the statutory scheme violates article first, § 20, of the Connecticut constitution.

[4] On April 17, 2009, the American Civil Liberties Union Foundation of Connecticut filed an application to appear as amicus curiae and to file a brief in opposition to the defendants' motion to dismiss. The foundation's application was granted by the court on May 4, 2009, and the foundation filed a memorandum of law in opposition to the defendants' motion to dismiss on August 3, 2009.

The court heard argument on the motion to dismiss on June 28, 2010.

The court granted the defendants' motion to dismiss on September 22, 2010. In its memorandum of decision, the court first set out the statutory scheme that governs pretrial release in Connecticut. It then discussed the defendants' contention that the plaintiff lacked standing to assert his claims. The court determined that the plaintiff satisfied the two-prong test for classical aggrievement and, therefore, had standing to bring the suit.

The court next addressed the defendants' contention that the plaintiff's claims were moot, and whether the capable of repetition, yet evading review exception applied. The court determined that "the plaintiff has failed to allege facts sufficient to satisfy the first prong of the capable of repetition, yet evading review exception to the mootness doctrine. The complaint does not state facts which if proven could establish that pretrial detention is of such a limited duration that there is a strong likelihood that the substantial majority of cases raising a question about the validity of the bail system would become moot before litigation could be concluded. . . . There is nothing to indicate that such a constitutional challenge will evade review in future cases." The court noted that different cases will involve varying lengths of time between arrest and trial, so that some pretrial detainees may have sufficient time to mount a meaningful challenge to the statutes governing pretrial release. Further, the court addressed the plaintiff's contention that a constitutional challenge could not be brought while a detainee was incarcerated pretrial because an accused has a right to a speedy trial under article first, § 8, of the constitution of Connecticut and the sixth amendment of the federal constitution. In response, the court asserted that "[e]ven though our judicial system seeks to resolve matters expeditiously,

it is axiomatic that for various reasons, including delays attributable to the defense, some suspects may experience a longer time between their arrest and their trial than others. . . . Because the right to a speedy trial translates to various periods of time between arrest and trial and may be waived in its entirety, it does not present an inherent time constraint on the constitutional issue asserted in the present case." The court found that the plaintiff's claims were moot and did not fall within the capable of repetition, yet evading review exception to the mootness doctrine, and accordingly, dismissed the plaintiff's claims.[5] This appeal followed.

We begin by setting forth the relevant standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests . . . whether, on the face of the record, the court is without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [grant] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for . . .

[5] The court did not address the defendants' alternative ground for dismissal, namely, that the plaintiff had an adequate remedy at law.

a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Citations omitted; internal quotation marks omitted.) *Peruta* v. *Commissioner of Public Safety*, 128 Conn. App. 777, 782–83, 20 A.3d 691, cert. denied, 302 Conn. 919, 28 A.3d 339 (2011).

"Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . .

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) *Dean-Moss Family Ltd. Partnership* v. *Five Mile River Works, Inc.*, 130 Conn. App. 363, 370, 23 A.3d 745 (2011).

"Our cases reveal that for an otherwise moot question to qualify for review under the 'capable of repetition,

yet evading review' exception, it must meet three requirements. First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995).

"The first element in the analysis pertains to the length of the challenged action. Although this court has not expressly addressed a time requirement in its previous cases, such a requirement is inherent in the overall statement of the doctrine itself. Most cases in which review has been undertaken despite a claim of mootness implicitly recognize the existence of functionally insurmountable time constraints. . . . The basis for this element derives from the nature of the exception. If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. Thus, there is no reason to reach out to decide the issue as between parties who, by hypothesis, no longer have any present interest in the outcome." (Citations omitted.) Id., 383–84.

The plaintiff maintains that due to an individual's right to a speedy trial,[6] pretrial detention is of an inherently limited duration, and as a result, a substantial majority of cases challenging the constitutionality of pretrial detention will become moot before those cases can be fully litigated. The plaintiff argues that Practice Book § 43-39 (c) limits the time between information or arrest and trial to twelve months, and § 43-39 (d) limits the time to eight months if the individual has been incarcerated pending trial. On the basis of these time limitations, the plaintiff maintains that it is very likely that the substantial majority of cases challenging the constitutionality of pretrial detention will become moot before they can be fully litigated.

The complaint does not set forth facts that, if proven, would demonstrate that pretrial detention is of such a limited duration that there is a strong likelihood that a substantial majority of cases challenging the bail system would become moot before being fully litigated.[7] The plaintiff contends that there are approximately 140 indigent detainees per year who are unable to secure bail and whose charges are dropped or nolled before trial. On the basis of an individual's right to a speedy trial,

[6] Under both the federal and Connecticut constitutions, a criminal defendant has a right to a speedy trial. See U.S. Const., amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"); Conn. Const., art. I, § 8 ("[i]n all criminal prosecutions, the accused shall have a right . . . to a speedy, public trial by an impartial jury").

[7] We also note that under Practice Book § 78a-1, an accused individual may petition the Appellate Court for review of any trial court order concerning that individual's release. Section 78a-1 provides in relevant part: "Any accused person or the state, aggrieved by an order of the superior court concerning release, may petition the appellate court for review of such order. Any such petition shall have precedence over any other matter before the appellate court and any hearing ordered by the court shall be held expeditiously with reasonable notice. . . ." Because we are upholding the court's decision on an alternative ground, we need not decide whether this provision provides an additional basis for determining that the plaintiff's claim is not likely to evade review.

the plaintiff argues that a substantial majority of cases challenging the constitutionality of pretrial detention will become moot before those cases can be fully litigated. Aside from these conclusory assertions, however, the plaintiff has provided no factual or evidentiary support for his assertion that the substantial majority of cases challenging the constitutionality of the bail system will become moot before appellate litigation can be concluded.[8] The duration of a pretrial detention can vary by individual. Although Practice Book § 43-39 (c) and (d) set forth limitations on the period of time between arrest and trial, Practice Book § 43-40 provides that specific time periods are excluded from determining the time within which trial must commence. Further, the plaintiff fails to recognize that some individuals may choose to waive their right to a speedy trial, or, rather, choose to go forth with trial, and thus, necessarily, their pretrial detention will invariably be longer. Moreover, the plaintiff presented no facts or evidence concerning the 140 indigent detainees mentioned in his complaint, such as the amount of time those individuals were in jail, whether they were similarly situated to the plaintiff or whether they sought a reduction in bail. Nor did the plaintiff present any facts or evidence concerning the

---

[8] An evidentiary hearing was not held in this case, nor did the plaintiff request that the court hold such a hearing on the motion to dismiss. The plaintiff's counsel conceded at oral argument before this court that he did not attempt to put on any evidence when objecting to the motion to dismiss. Instead, the court only heard oral argument from the parties and received briefs. The plaintiff could have requested that the court hold an evidentiary hearing in order to provide the court with evidence to establish that the plaintiff's case fell within the capable of repetition, yet evading review exception. See *Kenney* v. *Weaving*, 123 Conn. App. 211, 219 n.5, 1 A.3d 1083 (2010) (observing that plaintiff did not request evidentiary hearing and made no effort to engage in discovery prior to argument on motion to dismiss); *St. Germain* v. *LaBrie*, 108 Conn. App. 587, 592, 949 A.2d 518 (2008) (noting that because there had been no request for evidentiary hearing and no affidavits filed, court would consider only complaint and facts necessarily implied therefrom in deciding whether motion to dismiss had been properly granted). The plaintiff here, however, made no such request.

time a detainee spends incarcerated before trial is completed or the charges are nolled or dropped. See *In re Forrest B.*, 109 Conn. App. 772, 776, 953 A.2d 887 (2008) ("[i]n support of her argument that the capable of repetition, yet evading review exception applies to her case, the respondent has offered no evidence that most cases challenging a temporary custody order are, by their very nature, of such a limited duration that there is a strong likelihood that they will become moot before appellate litigation can be concluded"). The court's conclusion that the challenged action does not satisfy the first prong of the exception was therefore legally and logically correct and supported by the facts that appear in the record.

The judgment is affirmed.

In this opinion the other judges concurred.