NADIM HANNA *v.* CAPITOL REGION MENTAL HEALTH CENTER ET AL.
(AC 21828)

Schaller, Bishop and West, Js.

Argued September 13—officially released December 24, 2002

*Thomas J. Ring,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellant (named defendant).

*David W. Bush,* for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant Capitol Region Mental Health Center (health center) appeals from the judgment of the trial court denying its motion to dismiss the complaint.[1] On appeal, the sole issue is whether the court properly denied the health center's motion to dismiss under the doctrine of sovereign immunity.[2] We conclude that the health center is entitled to sovereign immunity and, accordingly, reverse the judgment of the trial court.

The following facts are set forth in the plaintiff's complaint. The health center is a state owned and operated mental health and addiction services treatment facility located in Hartford. It provides mental health support services, including, but not limited to, the assessment of patients' ability to live independently in the community and the monitoring of patients' compliance with medication orders and treatment plans. On

---

[1] The Center for Human Development, Inc., and Moon Hee Yoo are named in the plaintiff's complaint as additional defendants. The present appeal is brought by the health center only. We therefore refer in this opinion to the health center as the defendant.

[2] Our Supreme Court held in *Shay* v. *Rossi,* 253 Conn. 134, 164, 749 A.2d 1147 (2000) (en banc), that the denial of a motion to dismiss based on a colorable claim of sovereign immunity is a final judgment for purposes of appeal.

or about June 18, 1998, Lemont Cross, a health center patient, violently attacked and seriously injured the plaintiff, Nadim Hanna. Cross had been referred to the health center because of noncompliance with medication orders and treatment plans.

In the first count of the complaint, the plaintiff alleges that Cross' attack on the plaintiff was proximately caused by the negligent acts of the health center's employees. Specifically, the plaintiff alleges that the health center's employees failed to properly monitor, supervise and treat Cross, failed to have him admitted to an appropriate treatment facility, and failed to warn others of his violent tendencies. In the second count, the plaintiff alleges the same omissions by the health center's employees, but characterizes them as reckless rather than negligent. The third and fourth counts of the complaint are directed toward the Center for Human Development, Inc., and the fifth and sixth counts are directed toward Moon Hee Yoo, a psychiatrist who treated Cross.

The health center and Yoo filed separate motions to dismiss the respective counts directed against them. The court denied Yoo's motion on March 29, 2001. The health center, apparently believing that its motion had been denied, commenced this appeal on April 23, 2001. In response to the health center's subsequent motion for articulation, the court filed a memorandum of decision on May 31, 2001, denying the health center's motion to dismiss and articulating the reasoning for the denial of both the health center's and Yoo's motions. The health center filed the present amended appeal on June 19, 2001.

On appeal, the health center claims that the court improperly denied its motion to dismiss the complaint. Specifically, the health center argues (1) that the court improperly based its decision on the motion to dismiss

on General Statutes § 4-165[3] and (2) that the health center is immune from suit under the common-law doctrine of sovereign immunity.

The following additional facts are necessary for our resolution of the health center's claim. The health center's motion to dismiss the first and second counts was based on the doctrine of sovereign immunity while Yoo's motion to dismiss the fifth and sixth counts was based on statutory immunity pursuant to § 4-165. In its articulation, the court stated that the plaintiff had alleged sufficient facts to constitute reckless conduct by Yoo, thereby bringing her within the exception under § 4-165 for "wanton, reckless or malicious" conduct. The court therefore concluded that Yoo was not entitled to statutory immunity under § 4-165. Then, turning its attention to the health center's motion to dismiss on the ground of sovereign immunity, the court concluded: "Since Dr. Yoo is an employee of the state and may not be immune from suit, the state, acting through her, may be liable and, therefore, the motion to dismiss filed by [the health center] is denied."

Our standard of review is well established. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 51, 794 A.2d 498 (2002). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the alle-

---

[3] General Statutes § 4-165 provides in relevant part: "Immunity of state officers and employees from personal liability. No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."

gations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 611, 793 A.2d 215 (2002). "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Martinez* v. *Dept. of Public Safety*, 258 Conn. 680, 683, 784 A.2d 347 (2001).

We first address the health center's argument that the court improperly relied on § 4-165 in deciding the motion to dismiss. We agree that the court's reliance on § 4-165 was misplaced.[4] The issue before the court was whether the doctrine of sovereign immunity bars the plaintiff's claims against the health center. Common-law sovereign immunity is distinct from the statutory immunity provided by § 4-165. See *Martin* v. *Brady*, 64 Conn. App. 433, 438, 780 A.2d 961 (2001), aff'd, 261 Conn. 372, 802 A.2d 814 (2002). By its own terms, § 4-165 applies only to state officers and employees sued in their personal capacities, and is therefore inapplicable to the determination of whether the health center, which is a state agency,[5] is immune from suit. Consequently, we agree with the health center that the court should have based its analysis on the common-law doctrine of sovereign immunity, which governs actions against the state.

[4] Because the present appeal involves only the health center's motion to dismiss, we do not review the court's denial of Yoo's separate motion to dismiss at this time. We express no opinion as to whether the court properly analyzed Yoo's motion under General Statutes § 4-165.

[5] See General Statutes §§ 4-141 and 17a-450 (b).

We now turn to the health center's argument that it is immune from suit under the common-law doctrine of sovereign immunity. "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." (Internal quotation marks omitted.) *Martinez* v. *Dept. of Public Safety*, supra, 258 Conn. 683. "[A]s Mr. Justice Holmes wrote: A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends. *Kawananakoa* v. *Polyblank*, 205 U.S. 349, 353, 27 S. Ct. 526, 51 L. Ed. 834 [1907]. . . . The modern rationale for the doctrine, however, rests on the more practical ground that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds and property. J. Block, 'Suits Against Government Officers and the Sovereign Immunity Doctrine,' 59 Harv. L. Rev. 1060, 1061 (1946)." (Internal quotation marks omitted.) *Shay* v. *Rossi*, 253 Conn. 134, 165–66, 749 A.2d 1147 (2000).

"In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends. . . . This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." (Citations omitted; internal quotation marks omitted.) Id., 168.

"When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine

whether the claimant has a cognizable claim. See General Statutes §§ 4-141 through 4-165b. The claims commissioner, if he deems it 'just and equitable,' may sanction suit against the state on any claim 'which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.' General Statutes § 4-160 (a). This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions. General Statutes §§ 4-148 (b), 4-160." (Internal quotation marks omitted.) *Krozser* v. *New Haven*, 212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S. Ct. 757, 107 L. Ed. 2d 774 (1990).

In the present case, the plaintiff has not cited any statute waiving the state's sovereign immunity, nor is the court aware of any such statute. On the contrary, § 4-160 (b) expressly contemplates the submission of claims "alleging malpractice against . . . a state hospital or a sanitorium" to the claims commissioner to determine whether to authorize suit.[6] Additionally, the plaintiff has not alleged that the claims commissioner has authorized this action. We therefore conclude that there has been no waiver of sovereign immunity with regard to the plaintiff's claims against the health center.[7]

---

[6] General Statutes § 4-160 (b) provides: "In any claim alleging malpractice against the state, a state hospital or a sanitorium or against a physician, surgeon, dentist, podiatrist, chiropractor or other licensed health care provider employed by the state, the attorney or party filing the claim may submit a certificate of good faith to the Claims Commissioner in accordance with section 52-190a. If such a certificate is submitted, the Claims Commissioner shall authorize suit against the state on such claim."

[7] The plaintiff nevertheless argues that the health center is not entitled to sovereign immunity because the allegations in the complaint are sufficient to establish that the health center's employees acted in excess of their statutory authority. That argument is based on a line of cases holding that sovereign immunity does not bar an action brought against a state employee in his official capacity if the complaint alleges that the employee acted in

The court lacked subject matter jurisdiction and should have granted the health center's motion to dismiss the first and second counts of the complaint.

The judgment is reversed and the case is remanded with direction to grant the motion to dismiss filed by the defendant Capitol Region Mental Health Center and to render judgment thereon.

In this opinion the other judges concurred.

excess of his statutory authority. See *Shay* v. *Rossi*, supra, 253 Conn. 168–69; *Antinerella* v. *Rioux*, 229 Conn. 479, 642 A.2d 699 (1994). The rationale behind those cases is that "[s]uch conduct on the part of state officials would exceed their powers and, as such, would not be the conduct of the state of Connecticut." *Simmons* v. *Parizek*, 158 Conn. 304, 307, 259 A.2d 642 (1969); see also *Shay* v. *Rossi*, supra, 168–69. In the present case, the only claims before us are against a state agency, rather than a state employee sued in his official capacity. Consequently, there is no question that the plaintiff has alleged conduct of the state of Connecticut, and the "in excess of statutory authority" analysis is irrelevant.