[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Maurice Butler, Robert Knapp, Thomas Coates, John Ouellet, Larry Myers, Brian Murphy, and John J. Armstrong move to dismiss those portions of the pro se plaintiff's amended complaint which seek monetary damages for intentional infliction of emotional distress. The motion to dismiss is founded on claims of both sovereign immunity and the statutory immunity provided under General Statutes § 4-165. On February 3, 2003, the court heard argument on the motion.
When assessing whether counts of a complaint survive a motion to dismiss based on immunity, the court must assume the truth of the allegations pleaded and consider those reasonable and logical inferences which may flow from those assumed facts which are most favorable to the pleader. Hanna v. Capitol Region Mental Health Center, 74 Conn. App. 267-68 (2002). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Id.
The plaintiff, Anthony Torres, asserts that he is an inmate incarcerated at Northern Correctional Institution. Torres is serving a sentence imposed for conviction of ten counts of sexual assault first degree, in violation of General Statutes § 53a-70 (a), and four counts of risk of injury to a child, in violation of General Statutes § 53-21. State v. Torres, 60 Conn. App. 562 (2000); cert. denied,255 Conn. 925 (2001). The defendants are all officials or employees of the Connecticut Department of Corrections, and the plaintiff sues them both in their official and individual capacities, except for Knapp who is sued solely as an individual. At the hearing, it was revealed that the plaintiff never sought authorization to bring this suit from the claims commissioner under General Statutes § 4-160 (a).
Pared to its core, the plaintiff's amended complaint avers that Butler and Knapp have repeatedly, in loud voices replete with vulgarity and slang, within earshot of other inmates, characterized the plaintiff as a CT Page 1812 child molester; that Butler and Knapp, by virtue of experience and position, knew that, within the prison environment, suspected child abusers are frequently subjected to physical attack by other inmates because of that status; that these two defendants engaged in this course of conduct for the purpose of harassing, ridiculing, and intimidating the plaintiff, and to incite other inmates to act hostilely toward him. The amended complaint further alleges that Coates, Ouellet, Myers, Murphy, and Armstrong, who hold higher echelon positions within the department, received and ignored numerous complaints from the plaintiff regarding the behavior of Butler and Knapp and failed to remedy the situation. Finally, the plaintiff alleges that the above-described conduct by the defendants caused him to suffer severe emotional distress for which he seeks monetary damages and injunctive relief. The motion to dismiss pertains only to the plaintiff's claims for monetary damages.
 I
Because the state can act only through its officers, agents, or employees, a suit against state officials or employees in their official capacities are, in effect, suits against the state. Doe v. Heintz,204 Conn. 17, 31 (1987). In the absence of legislative waiver of sovereign immunity, the court has no jurisdiction to render a monetary award against state officials or employees, acting in their official capacity, unless the claims commissioner authorizes such a suit. Krozserv. New Haven, 212 Conn. 415, 420 (1989). As noted above, the plaintiff never sought or obtained such authorization. Thus, insofar as the plaintiff sues the defendants in their official capacities his claims for monetary damages are dismissed.
Parenthetically, it may be noted that our legislature has expressly waived sovereign immunity for claims by inmates against the state, if the inmate has suffered physical injury which results "in a fatality or in a permanent handicap." General Statutes § 4-165b. There is no comparable waiver for claims of emotional distress or for physical injury which results in nondisabling harm.
 II
However, the plaintiff also sues the defendants as individuals. General Statutes § 4-165 states that "[n]o state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." The plaintiff alleges that the behavior of the defendants was intentional and malicious. The court addresses this issue with respect to the claims against Butler and Knapp separately from the CT Page 1813 other defendants.
 A.
As to Butler and Knapp, the court holds that the allegations against them constitute wanton, reckless, or malicious misconduct so as to remove them from the immunity from liability otherwise afforded by § 4-165
to state employees.
Confronted by a threshold immunity claim, the court does not decide whether the complaint states a legally sufficient cause of action, but rather examines the pleadings to decide if adequate facts are alleged "with respect to personal immunity under § 4-165 to support a conclusion that the defendants were acting outside the scope of their employment or wilfully or maliciously." Martin v. Brady, 261 Conn. 372,376 (2002).
It is an unassailable proposition that corrections employees act wantonly and maliciously, and outside the scope of their employment, if they purposely attempt to provoke inmates to assault another inmate. Despite the two defendants' arguments to the contrary, the fact that the employees used technically true statements as a prod to instigate hostility toward the plaintiff is immaterial.
The amended complaint describes a pattern of misconduct wherein these two employees intentionally or recklessly taunted the plaintiff by broadcasting the pedophilic nature of his crimes with a frequency, volume, and proximity to other inmates, in an environment particularly hostile toward child molesters, from which a trier-of-fact could reasonably and logically conclude that they intended to create fear and emotional distress in the plaintiff concerning his safety and the resultant necessity for his isolation.
These defendants argue that as long as their statements regarding the plaintiff's conviction as a child abuser are accurate, their activity cannot constitute intentional or malicious behavior. The court's research discloses no Connecticut appellate case which has arrived at that conclusion. The court rules that the surrounding circumstances, such as frequency, coarseness of language, volume, and type of audience can combine with a technically correct statement so as to result in wanton or malicious action or activity and fall outside the scope of employment of correctional personnel. Whether the plaintiff can prove these allegations is another matter, but, if proven, such misbehavior wears no mantle of immunity under § 4-165. CT Page 1814
 B.
With respect to the remaining defendants, the plaintiff labels their inactivity concerning his grievances as intentional, wanton, reckless, and malicious conduct. Merely reciting these words is insufficient. In Connecticut, the pleader is required to set forth the facts upon which a conclusion of liability is based and may not rely on conclusory statements to accomplish this goal. Stephenson's Connecticut Civil Procedure (3d Ed. 1997) § 42. See Martin v. Brady, supra, 379; Marucav. Phillips, 139 Conn. 79, 81 (1952).
In the present case, the plaintiff alleges that he used the prison grievance system to complain about his mistreatment by Butler and Knapp to no avail. It is difficult to comprehend how such inaction can constitute action outside the scope of the reviewing officers' duties for the purpose of determining whether statutory immunity is unavailable to them under § 4-165.
While the failure to act upon his complaints may form the factual predicate for a negligence complaint, it is inadequate to establish that these defendants acted recklessly, wilfully, wantonly, or maliciously so as to vitiate the personal immunity conferred upon them by § 4-165.Martin v. Brady, supra. As in that case, no allegations of personal gain through illegal means or extraneous manipulation of authority is alleged sufficient to justify a conclusion of conduct beyond ordinary or gross negligence.
Consequently, the motion to dismiss is granted, by virtue of the personal immunity conferred by § 4-165, as to Coates, Ouellet, Myers, Murphy and Armstrong as individual defendants. The motion is denied as to Butler and Knapp as individuals. The motion is granted as to all defendants in their official capacities.
Sferrazza, J. CT Page 1815