# JOANNE KENNEY, ADMINISTRATRIX (ESTATE OF MATTHEW S. KENNEY) *v.* DAVID G. WEAVING ET AL.
## (AC 31227)

Robinson, Bear and Borden, Js.

Argued May 20—officially released August 10, 2010

*Andrew J. Pianka*, for the appellant (plaintiff).

*Nicole Demers*, assistant attorney general, with whom were *Maite Barainca*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *Michael R. Bullers*, assistant attorney general, for the appellee (defendant Robert M. Ward).

*Opinion*

BEAR, J. The plaintiff, Joanne Kenney, administratrix of the estate of Matthew S. Kenney, appeals from the judgment of the trial court rendered in favor of the defendant Robert M. Ward[1] after the court granted his motion to dismiss the plaintiff's cause of action against him. On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction pursuant to the doctrine of sovereign immunity. We affirm the judgment of the trial court.

The following allegations from the plaintiff's complaint set forth the basis for her claims against the defendant. On April 27, 2007, a motor vehicle driven by David G. Weaving struck the decedent, fourteen year

---

[1] The plaintiff brought an action against both Ward and David G. Weaving. The action against Weaving is not part of this appeal. We therefore refer to Ward as the defendant in this opinion.

old Matthew S. Kenney, who later died from his injuries. At the time of the accident, Weaving had five convictions for operating a motor vehicle while under the influence of alcohol. Four of those convictions occurred between November 1, 1996, and May 10, 1999. Despite these convictions, Weaving held a driver's license that had been issued to him by the department of motor vehicles (department). In March, 2007, Weaving registered a 1990 Ford Mustang with the department, which he was driving at the time of the accident.

On or about March 9, 2009, the plaintiff filed her initial complaint against both Weaving and the defendant, who was alleged to have served as the commissioner of the department at all times relevant to the complaint.[2] In her complaint, the plaintiff alleged negligence against Weaving in count one and against the defendant, as commissioner, in count two. As to the defendant, she alleged that, as commissioner, he had a "duty to enforce the provisions of the [General] [S]tatutes concerning motor vehicles and the operation of such vehicles." She also alleged that because of Weaving's multiple convictions for driving under the influence, the defendant, "through his employees, officers and/or agents, was *required to permanently revoke* [Weaving's] motor vehicle operator's license . . . ." (Emphasis in original.) Additionally, she alleged that the defendant, "through his employees, officers, and or agents, through

---

[2] We take judicial notice of the fact that the defendant did not begin his duties as commissioner of motor vehicles until early January, 2007. He was confirmed by the House of Representatives on March 7, 2007. As of the April 27, 2007 accident, the defendant had been commissioner of the department for less than four months. The plaintiff does not allege that the driver's license of Weaving was issued after the defendant became commissioner. At oral argument, the plaintiff's counsel stated that the driver's license of Weaving was issued in 2004. The plaintiff does not allege that Weaving was under the influence of alcohol at the time of the accident. She also does not allege that the defendant had any contact with Weaving or that he had heard of Weaving or his motor vehicle record prior to the accident.

their acts or omissions, allowed [Weaving], a five-time drunk driving offender, to maintain a valid driver's license, to register a 1990 Ford Mustang motor vehicle, and to operate said vehicle . . . on the roads of this [s]tate."

On April 14, 2009, the plaintiff filed a second amended complaint that, in relevant part, removed any references to allegations of negligence against the defendant and instead alleged that the defendant, "through his employees, officers, and/or agents, acted recklessly and outside [the] scope of employment."

On April 29, 2009, the plaintiff filed a third amended complaint. In that amended complaint, the plaintiff, in relevant part, eliminated any reference to the defendant's "employees, officers, and/or agents." The plaintiff filed an additional writ of summons naming the defendant and listing his private residence as his address. In this third amended complaint, the plaintiff attempted to abandon any claim against the defendant in his official capacity and instead set forth a cause of action against him only in his individual capacity.

On May 5, 2009, the defendant filed a motion to dismiss the second count of the third amended complaint on the ground that, inter alia, he was protected by sovereign immunity. The court granted the motion to dismiss on the ground of sovereign immunity, finding that the plaintiff's cause of action remained a cause of action against the defendant in his official capacity. The court opined that the defendant "could not conceivably have any connection to this horrible tragedy that occurred if he were not the commissioner of motor vehicles" and that "it is blatantly obvious that [the plaintiff continues] to consider him as the commissioner of motor vehicles."[3]

---

[3] The court also concluded that, even if the action had been pursued against the defendant in his individual capacity, it would have been barred by statutory immunity under General Statutes § 4-165 because the defendant's conduct, as alleged in the complaint, did not amount to recklessness.

On appeal to this court, the plaintiff claims that the court improperly granted the motion to dismiss on the ground of sovereign immunity. She argues that her negligence claim is directed at the defendant in his individual, not his official, capacity and that, therefore, he is not entitled to the defense of sovereign immunity. We disagree.

"Sovereign immunity relates to a court's subject matter jurisdiction over a case, and therefore presents a question of law over which we exercise de novo review. . . . In so doing, we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law. . . . Exceptions to this doctrine are few and narrowly construed under our jurisprudence." (Citation omitted; internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 211, 994 A.2d 106 (2010).

"The doctrine of sovereign immunity protects state officials and employees from lawsuits resulting from the performance of their duty." *Hultman* v. *Blumenthal*, 67 Conn. App. 613, 620, 787 A.2d 666, cert. denied, 259 Conn. 929, 793 A.2d 253 (2002). Our Supreme Court has recognized that "because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." *Sentner* v. *Board of Trustees*, 184 Conn. 339, 342, 439 A.2d 1033 (1981).

"Whether a particular action is one against the state is not determined solely by referring to the parties of

Because we conclude that the court properly determined that the complaint was barred under the doctrine of sovereign immunity, we do not address this alternate ground for dismissal.

record." *Somers* v. *Hill*, 143 Conn. 476, 479, 123 A.2d 468 (1956). "If the plaintiff's complaint reasonably may be construed to bring claims against the defendants in their individual capacities, then sovereign immunity would not bar those claims." *Miller* v. *Egan*, 265 Conn. 301, 307, 828 A.2d 549 (2003). The fact that the state is not named as a defendant, however, "does not conclusively establish that the action is not within the principle which prohibits actions against the sovereign without its consent." *Somers* v. *Hill*, supra, 479.

To determine whether an action is against the state or against a defendant in his individual capacity, we look to the four criteria established by our Supreme Court in *Somers* and as explained further in *Spring* v. *Constantino*, 168 Conn. 563, 362 A.2d 871 (1975). If all four criteria are satisfied, the action is deemed to be against the state and, therefore, is barred. Id., 568. The criteria are: "(1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability." Id.

In the present case, the first criterion is met because the defendant is a state official. The second criterion is met because the plaintiff claims that the defendant was "reckless in his duties of administering, coordinating, and controlling the operations of the department and in keeping records of proceedings and orders pertaining to matters under his jurisdiction and of licenses granted, suspended, and/or revoked." The allegedly reckless actions of the defendant were related to his duties as commissioner of the department.

The third criterion, that the state clearly is the real party in interest, also is satisfied. Damages are sought

for injuries allegedly caused by the defendant for performing or not performing acts that are part of his official duties. See *Somers* v. *Hill*, supra, 143 Conn. 480. Despite arguing that she abandoned the action against the defendant in his official capacity, the plaintiff in her third amended complaint continued to refer to the defendant as the commissioner of the department, to his duty to enforce the motor vehicle statutes and to his "recklessness" in failing to enforce such statutes. Furthermore, the plaintiff did not and could not allege any personal involvement on the part of the defendant with respect to the accident, nor did she allege that the defendant was aware of Weaving or of his motor vehicle history prior to the accident. Clearly, the defendant was sued only because he was the commissioner of the department at the time of the accident.

The fourth criterion is met because any judgment against the defendant based on the allegations in the third amended complaint will subject the state to liability. See *Miller* v. *Egan*, supra, 265 Conn. 311.

Despite the four *Spring* criteria being met, we, nonetheless, are aware that it is possible for a plaintiff to avoid the bar of the doctrine of sovereign immunity by demonstrating one of two recognized exceptions. A plaintiff "must show that: (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . or (2) in an action for declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute." (Citation omitted.) Id., 314.

With respect to the first exception, the plaintiff cites General Statutes § 4-165 as the applicable statute that

would constitute a waiver of the state's sovereign immunity.[4] Section 4-165 (a) provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. . . ." The statutory immunity provided by § 4-165 is distinct from common-law sovereign immunity. *Hanna* v. *Capitol Region Mental Health Center*, 74 Conn. App. 264, 268, 812 A.2d 95 (2002).

Our Supreme Court explicitly has rejected the argument that § 4-165 waives the state's sovereign immunity. "In enacting § 4-165, the legislature abrogated the previously existing common-law liability of state employees for their negligent acts performed in the course of their duties. . . . The plaintiff argues that the legislature's extinguishment of state employee liability necessarily implies a legislative intent that the state concurrently assumed liability for those actions. This argument ignores the statutory scheme of which § 4-165 is a part, requiring plaintiffs to proceed through the claims commissioner's office. In the context of this statutory scheme, § 4-165 cannot reasonably be read so as necessarily to imply a legislative intent to waive the state's sovereign immunity." (Citations omitted.) *Miller* v. *Egan*, supra, 265 Conn. 333–34.

The plaintiff, however, repeatedly asserts that the defendant acted in excess of his statutory authority. She argues that any time a state official discharges his duties in a reckless manner, he is acting in excess of his statutory authority. The exception to the doctrine of sovereign immunity for actions by state officers in excess of their statutory authority applies only to

---

[4] The plaintiff argues that "[s]overeign immunity applies to actions against the state and its officers or employees unless a statute creates an exception allowing an action. [Section] 4-165 allows for direct action against officers or employees for damages caused by reckless, willful or wanton conduct."

actions seeking declaratory or injunctive relief, not to actions for money damages. See id., 327. Our courts have "excepted declaratory and injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." (Internal quotation marks omitted.) Id., 317. In her complaint, the plaintiff sought only monetary damages together with costs and punitive damages against the defendant. Therefore, the exception for actions by officers in excess of their statutory authority does not apply.[5]

Accordingly, we conclude that the court properly granted the defendant's motion to dismiss on the ground of sovereign immunity.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The plaintiff also argues that she should be given an opportunity to conduct discovery in the matter because she will be able to resolve factual issues that will demonstrate that the defendant acted recklessly. We have determined, however, that the defendant is entitled to the defense of sovereign immunity, and, therefore, the plaintiff cannot maintain her cause of action against him regardless of whether she could demonstrate recklessness pursuant to § 4-165. Furthermore, the plaintiff's counsel admitted at oral argument before this court that he did not utilize any of the fact-finding methods that had been available to him. Once the plaintiff's complaint had been challenged by way of the motion to dismiss, the plaintiff's counsel did not make a request to the trial court to hold an evidentiary hearing in connection with the motion, nor did he seek to take the deposition of or to engage in any other discovery from the defendant prior to argument of the motion to dismiss. See *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983).