KEVIN KLEMONSKI *v.* UNIVERSITY OF
CONNECTICUT HEALTH CENTER
(AC 34253)

Lavine, Beach and Schaller, Js.

Argued January 11—officially released February 26, 2013

*Brooklyn Macellaio*, pro se, the appellant (plaintiff).

*Carmel A. Motherway*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Kevin Klemonski, now known as Brooklyn Macellaio, appeals from the judgment of the trial court granting the motion of the defendant, the University of Connecticut Health Center, to dismiss his amended complaint on the ground of sovereign immunity. We affirm the judgment of the trial court.

In August, 2009, the plaintiff filed a complaint in which he made various allegations regarding mental health services provided to him by the defendant that were received during his incarceration. He sought monetary damages and injunctive relief. The defendant filed a motion to dismiss the complaint on the ground of,

inter alia, sovereign immunity, which the court granted.[1] In his amended complaint, filed in October, 2011, the plaintiff made similar allegations and sought monetary relief only. In December, 2011, the defendant filed a motion to dismiss the plaintiff's amended complaint on the ground of sovereign immunity. The court granted the motion, holding that the plaintiff's action for money damages was barred by the doctrine of sovereign immunity.

The doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction, is a ground for granting a motion to dismiss. *Martinez* v. *Dept. of Public Safety*, 263 Conn. 74, 80–81, 818 A.2d 758 (2003). In the circumstances of this case, our review is plenary. See id., 81. "In ruling on a motion to dismiss, the court must take the facts alleged in the complaint as true . . . ."[2] (Internal quotation marks omitted.) *Capasso Restoration, Inc.* v. *New Haven*, 88 Conn. App. 754, 758–59, 870 A.2d 1184 (2005).

"[A] plaintiff who seeks to bring an action for monetary damages against the state must first obtain authorization from the claims commissioner.[3] *Miller* v. *Egan,*

---

[1] In his complaint, the plaintiff sought injunctive relief by way of the court "issu[ing] charges . . . against those who violated laws . . . ." The defendant, in its motion to dismiss the complaint, sought dismissal on the additional ground that the plaintiff lacked standing to seek injunctive relief. In granting the motion to dismiss, the court also determined that the plaintiff's claim for injunctive relief fell outside the scope of its jurisdiction. The claim for injunctive relief was included in the original complaint, but not in the amended complaint and thus is deemed withdrawn.

[2] In some cases, the determination of subject matter jurisdiction requires a resolution of factual issues; see *Conboy* v. *State*, 292 Conn. 642, 652–53, 974 A.2d 669 (2009); but a factual resolution is not required in this case.

[3] "[A] plaintiff seeking to circumvent the doctrine of sovereign immunity must show that: (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . or (2) in an action for declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 278 Conn. 204, 212, 897 A.2d 71 (2006).

265 Conn. 301, 317, 828 A.2d 549 (2003); see also General Statutes § 4-141 et seq. When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. . . . This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 278 Conn. 204, 212 n.11, 897 A.2d 71 (2006).

The plaintiff argues that he did not proceed through the claims commissioner (commissioner) in this case because he was unable to pay the statutory filing fee on account of his recent incarceration and indigency. He argues that he was denied access to the court because of a decision by the commissioner in May, 2009, that he pay future filing fees. In a May 26, 2010 decision, the commissioner stated that the plaintiff had filed forty-four claims between May 1, 2009, and October 26, 2009, as well as eleven court actions in 2009. The commissioner determined that "[t]his serial claimant has received fee waivers and abused the courts and this office for frivolous claims. In the future [the plaintiff] shall be required to pay the statutory filing fee for any claims filed with the Office of the Claims Commissioner."

The plaintiff's amended complaint does not fall within any recognized exception to the doctrine of sovereign immunity on account of the commissioner's having barred the plaintiff from future filing fee waivers because of a history of numerous frivolous filings. The facts remain that the plaintiff sought monetary damages in his amended complaint and did not receive permission from the commissioner to bring the action. The

plaintiff has not provided this court with a cogent and persuasive analysis in his brief or oral argument as to why the doctrine of sovereign immunity should not be applied in the present case. Waiver of sovereign immunity by the commissioner is a legislative prerogative with which we will not interfere lightly. See, e.g., *Perrone* v. *State*, 122 Conn. App. 391, 394–95, 998 A.2d 256 (2010).

The judgment is affirmed.