## BROOKLYN MACELLAIO *v.* NEWINGTON POLICE DEPARTMENT ET AL.
### (AC 34628)

Robinson, Alvord and Harper, Js.

---

Argued January 10—officially released April 23, 2013

*Brooklyn Macellaio*, pro se, the appellant (plaintiff).

*Michael K. Skold*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant Ralph Dagostine).

*Opinion*

PER CURIAM. The plaintiff, Brooklyn Macellaio, appeals from the judgment of dismissal rendered by the trial court in favor of the defendant Ralph Dagostine[1] on the ground of sovereign immunity. We affirm the judgment of the trial court.

On December 9, 2011, the plaintiff filed a two count complaint against the defendant alleging claims for false arrest and negligence. In particular, the plaintiff alleged that the defendant, as chief deputy clerk of the New Britain Superior Court, destroyed the plaintiff's bond

---

[1] The Newington Police Department and Officers Arkadiusz Petlik and Jeanine Allin are also defendants in this action but are not parties to this appeal. Accordingly, we will refer to Dagostine as the defendant.

records after he was arrested. The plaintiff alleged various injuries as a result.[2] On January 18, 2012, the defendant filed a motion to dismiss on the ground of sovereign immunity. On February 6, 2012, the court granted the defendant's motion to dismiss over the plaintiff's objection. This appeal followed.

The plaintiff claims that dismissal was improper because he was denied access to the court due to his inability to pay the claims commissioner's filing fee. In particular, the plaintiff contends that the claims commissioner denied his fee waiver application despite his indigence.[3] Regardless, the plaintiff cannot prevail on his claims pursuant to the doctrine of sovereign immunity because he sought to bring an action for monetary damages against the defendant in his official capacity as a state officer without authorization from the claims commissioner.

"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in

[2] In his complaint, the plaintiff sought monetary damages in the amount of $15,000 or more.

[3] The plaintiff contends that he did not receive an order or judgment on his application, just a copy of a prior memorandum of decision from the claims commissioner, dated May 26, 2010. In that decision, the commissioner stated that the plaintiff had filed forty-four claims between May 1 and October 26, 2009, as well as eleven court actions in 2009. The commissioner determined that "[t]his serial claimant has received fee waivers and abused the courts and this office for frivolous claims. In the future [the plaintiff] shall be required to pay the statutory filing fee for any claims filed with the Office of the Claims Commissioner." (Internal quotation marks omitted.) *Klemonski* v. *University of Connecticut Health Center*, 141 Conn. App. 106, 109, 60 A.3d 1002 (2013); id., 107 (plaintiff, Kevin Klemonski, now known as Brooklyn Macellaio).

the record." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 313, 828 A.2d 549 (2003).

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 347, 977 A.2d 636 (2009).

"The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law. . . . Not only have we recognized the state's immunity as an entity, but [w]e have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Internal quotation marks omitted.) Id., 349. "If the plaintiff's complaint reasonably may be construed to bring claims against the defendants in their individual capacities, [however] then sovereign immunity would not bar those claims." *Miller* v. *Egan*, supra, 265 Conn. 307. "The determination of whether the plaintiff's complaint alleged claims against the defendants in their individual capacities is governed by the test set forth in *Spring* v. *Constantino*, 168 Conn. 563, 568, 362 A.2d 871 (1975). . . . [In *Spring*, our Supreme Court] set forth four criteria to determine whether an action is in effect, one against the state and cannot be maintained without its consent: (1) a state official has been sued; (2) the suit

concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, supra, 308.

In his complaint, the plaintiff alleged that the defendant, as chief deputy clerk of the New Britain Superior Court, destroyed the plaintiff's bond records after the plaintiff was arrested. The first and second criteria are met because the defendant is a state official and this suit concerns a matter related exclusively to his position as chief deputy clerk of the New Britain Superior Court. The third criterion is met because damages are sought for injuries allegedly caused by the defendant for performing acts that are a part of his official duties such that the state is the real party against whom relief is sought. See *Kenney* v. *Weaving*, 123 Conn. App. 211, 216–17, 1 A.3d 1083 (2010). Finally, the fourth criterion is met because any judgment against the defendant would subject the state to liability. See id.; see also General Statutes § 5-141d (a).[4] There are no allegations in the plaintiff's complaint that the action was brought against the defendant in his individual capacity or any factual allegations that would support that assertion. Thus, in accordance with *Spring*, we conclude that the plaintiff's complaint alleged claims against the defen-

---

[4] General Statutes § 5-141d (a) provides in relevant part: "The state shall save harmless and indemnify any state officer or employee . . . from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his alleged negligence or alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury, if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious." There are no allegations in the plaintiff's complaint of any wanton, reckless or malicious behavior on the part of the defendant.

dant in his official capacity only, and, therefore, this suit was, in effect, against the state. Accordingly, the doctrine of sovereign immunity applies.[5]

"In the absence of a statutory waiver of sovereign immunity, the plaintiff may not bring an action against the state for monetary damages without authorization from the claims commissioner to do so. . . . When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. . . . This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the [claims] commissioner or other statutory provisions." (Citation omitted; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation,* supra, 293 Conn. 351–52; see also General Statutes § 4-160 (a) ("[w]hen the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against

---

[5] The trial court also granted the defendant's motion to dismiss on the ground of statutory immunity. Because we find that the plaintiff's complaint failed to allege any claims against the defendant in his individual capacity, consideration of the doctrine of statutory immunity is unnecessary. General Statutes § 4-165 (a) provides: "No state officer or employee shall be *personally* liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. *Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.*" (Emphasis added.) "[Section 4-165] is part of chapter 53 which covers claims against the state. The manifest legislative intent expressed by chapter 53 is that an employee is immune where and because the state may be sued . . . ." (Internal quotation marks omitted.) *Shay* v. *Rossi,* 253 Conn. 134, 163, 749 A.2d 1147 (2000), overruled in part on other grounds by *Miller* v. *Egan,* supra, 265 Conn. 325. Again, this suit was, in effect, against the state such that the doctrine of sovereign immunity applies. "[T]he statutory immunity provided by § 4-165 applies where sovereign immunity does not apply." *Shay* v. *Rossi,* supra, 164.

the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable").

In his complaint, the plaintiff sought monetary damages but did not receive permission from the claims commissioner to sue the state. The plaintiff has claimed that he was denied access to the court because the claims commissioner denied his fee waiver application despite his indigence. The claims commissioner's denial of the plaintiff's fee waiver application does not prevent the application of the doctrine of sovereign immunity in this case; the fact remains that the plaintiff did not receive authorization from the claims commissioner. "Waiver of sovereign immunity by the commissioner is a legislative prerogative with which we will not interfere lightly." *Klemonski* v. *University of Connecticut Health Center*, 141 Conn. App. 106, 110, 60 A.3d 1002 (2013). Furthermore, the plaintiff's complaint does not fall within any recognized exception to the doctrine of sovereign immunity.[6] Accordingly, the plaintiff's claims against the defendant are barred by the doctrine of sovereign immunity. The trial court therefore properly rendered judgment dismissing the plaintiff's action.

The judgment is affirmed.

---

[6] "[T]he sovereign immunity enjoyed by the state is not absolute. There are [three] exceptions: (1) when the legislature, either expressly or by force of a necessary implication, statutorily waives the state's sovereign immunity . . . (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights . . . and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority." (Citations omitted; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 349.