******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

APPENDIX

## JOHN S. KAMINSKI *v.* SCOTT SEMPLE ET AL.*

Superior Court, Judicial District of New Britain

File No. CV-17-5018219-S

Memorandum filed October 31, 2018

*Proceedings*

Memorandum of decision on defendants' motion to dismiss. *Motion granted.*

*John S. Kaminski*, self-represented, the plaintiff.

*Steven M. Barry*, assistant attorney general, for the defendants.

*Opinion*

MORGAN, J. Before the court is the defendants' motion to dismiss the plaintiff's complaint. In his complaint, the plaintiff, John S. Kaminski, asserts claims against the defendants, Department of Correction Commissioner Scott Semple (Semple), Deputy Warden [Gary] Wright (Wright), Captain [Jeanette] Maldonado (Maldonado), State Police Detective Sergeant [Jay] Gershowitz (Gershowitz), Tolland State's Attorney Matthew C. Gedansky (Gedansky), Warden Edward Maldonado (E. Maldonado), and Captain VanOundenhove (VanOundenhove). All of the defendants worked for the state and, with the exception of Gershowitz and Gedansky, all worked for the Department of Correction (department).

The defendants move to dismiss the complaint on the ground that the court lacks subject matter jurisdiction to adjudicate the plaintiff's claims because the plaintiff lacks standing and because the claims are barred by sovereign immunity and/or statutory immunity under General Statutes § 4-165. The plaintiff opposes the motion and argues that apart from Semple, he has sued all of the defendants in their individual capacities and, therefore, sovereign immunity does not bar his claims. The plaintiff does not clearly address the immunity arguments regarding Semple. The parties were heard on the motion on July 30, 2018.

A

Motion to Dismiss Standard of Review

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 346, 977 A.2d 636 (2009). A motion to dismiss may be brought to assert, inter alia, "lack of jurisdiction over the subject matter . . . ." Practice Book § 10-30 (a) (1). "[T]he plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 430 n.12, 829 A.2d 801 (2003). "Claims involving the doctrines of common-law sovereign immunity and statutory immunity, pursuant to § 4-165, implicate the court's subject matter jurisdiction." *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 113–14, 891 A.2d 106 (2006). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case . . . ." (Internal quotation marks omitted.) *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 351, 542 A.2d 672 (1988).

B

Sovereign Immunity

"The doctrine of sovereign immunity protects state officials and employees from lawsuits resulting from the performance of their duty." *Hultman* v. *Blumenthal*, 67 Conn. App. 613, 620, 787 A.2d 666, cert. denied, 259 Conn. 929, 793 A.2d 253 (2002). "[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Internal quotation marks omitted.) *Markley* v. *Dept. of Public Utility Control*, 301 Conn 56, 65, 23 A.3d 668 (2011).

In his complaint, the plaintiff alleges that the defendants failed to report and investigate an incident involving the plaintiff and a correction officer and seeks a "declaratory acknowledgement," after a trial, that the defendants obstructed justice and thereby violated his civil rights. His prayer for relief additionally noted that he was not seeking financial compensation. Subsequently, the plaintiff filed a Motion for Permission to Amend (No. 111.00) on May 8, 2017, seeking permission to amend his prayer for relief to add claims for damages. In doing so, the plaintiff specified that his claims against the defendants were in their individual capacities only and for money damages, with the exception of Semple, who was sued in his official capacity.[1] The plaintiff's motion was granted on May 22, 2017 (No. 111.01). The defendants argue that although the plaintiff purports to be suing the defendants (excluding Semple) in their individual capacities, he seeks to hold them liable for their actions in discharging their duties as employees of the state. Thus, the defendants maintain, the plaintiff is actually suing Wright, Maldonado, Gershowitz, Gedansky, E. Maldonado, and VanOundenhove in their official capacities.

Whether an action against a state official is, in effect, one against the state or one against the official in his personal capacity turns not on the plaintiff's conclusory allegations, but rather upon four criteria established by our Supreme Court. *Spring* v. *Constantino*, 168 Conn. 563, 568, 362 A.2d 871 (1975). The four criteria are: "(1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment; though nominally against the official, will operate to control the activities of the state or subject it to liability." Id. All four criteria must be met for the action to be deemed against the state and barred. *Kenney* v. *Weaving*, 123 Conn. App. 211, 216, 1 A.3d 1083 (2010).

In the present case, the first two criteria are met: all of the defendants were state employees performing their duties when the alleged misconduct occurred. The third criterion is satisfied because the damages sought by the plaintiff are premised entirely on injuries alleged to have been caused by the defendants in performing

or failing to perform acts that were part of their official duties such that the state is the real party in interest against whom relief is sought. See *Macellaio* v. *Newington Police Dept.*, 142 Conn. App. 177, 181, 64 A.3d 348 (2013) ("third criterion [of *Spring* test] is met because damages are sought for injuries allegedly caused by the defendant for performing acts that are a part of his official duties such that the state is the real party against whom relief is sought"). The fourth criterion is also satisfied. Any judgment against the defendants would control the activities of the state because it would impact the way in which the Office of the State's Attorney, the state police, and the department operate, conduct investigations, and perform other related duties, and subject the state to liability, as payment of any judgment would be made by the state. See *Cimmino* v. *Marcoccia*, 149 Conn. App. 350, 360, 89 A.3d 384 (2014) (fourth prong satisfied because any judgment against defendants would impact manner in which state officials conduct investigations). In sum, because the criteria in *Spring* are satisfied, the court finds that the plaintiff's complaint alleges claims against Wright, Maldonado, Gershowitz, Gedansky, E. Maldonado, and VanOundenhove in their official capacities and is thus, in effect, an action against the state.

The court recognizes that "[t]he sovereign immunity enjoyed by the state is not absolute"; (internal quotation marks omitted) *Macellaio* v. *Newington Police Dept.*, supra, 142 Conn. App. 183 n.6; and that our Supreme Court has recognized three narrow exceptions to the sovereign immunity doctrine.[2] See *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 349. Nevertheless, none of the exceptions applies in the present case, and no evidence has been presented that the plaintiff sought or obtained permission from the Office of the Claims Commissioner to bring an action against the state for monetary damages. See id., 351 (plaintiff who seeks to bring action for money damages against state must first obtain authorization from Claims Commissioner). Consequently, the plaintiff's claims against Wright, Maldonado, Gershowitz, Gedansky, E. Maldonado, and VanOundenhove are barred by the doctrine of sovereign immunity.

The plaintiff's claim for relief against Semple in his official capacity as commissioner of the department is also barred by sovereign immunity. Here, the plaintiff is seeking declaratory relief to essentially require Semple to establish procedures for reporting felonies to law enforcement and securing evidence upon notification of a complaint by an inmate. However, neither of the two exceptions [pertaining to declaratory or injunctive relief that were] recognized in *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 349, is applicable to the plaintiff's claim.[3] The second exception is inapplicable because the plaintiff's claim that Semple did not report or adequately investigate his

claim against a correction officer or secure evidence does not allege a substantial claim that Semple violated the plaintiff's constitutional rights. There are no allegations by the plaintiff that clearly demonstrate an incursion upon a constitutionally protected interest, and the plaintiff does not indicate what protected interest he has in a department official's administrative responsibilities. Likewise, the third exception does not apply because the plaintiff does not allege that Semple acted in excess of his statutory authority. The plaintiff further fails to allege that Semple was engaged in any wrongful conduct to promote an illegal purpose. In sum, the plaintiff's claim against Semple lacks a proper factual basis to support the applicability of either the second or third exception identified in *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 349. Therefore, the plaintiff's claim against Semple is barred by sovereign immunity.

## C

### Statutory Immunity

To the extent the claims against the defendants may be construed as against them in their individual capacities, the defendants argue the plaintiff's claims are barred by statutory immunity. Section 4-165 (a) provides in relevant part that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. . . ." To establish that a state actor's conduct is "wanton, reckless or malicious" and thus falls outside the scope of § 4-165, the plaintiff must allege conduct that "is more than negligence, more than gross negligence . . . something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Internal quotation marks omitted.) *Martin* v. *Brady*, 261 Conn. 372, 379, 802 A.2d 814 (2002). He must allege conduct that "indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Internal quotation marks omitted.) Id. "[T]o overcome the immunity provided under § 4-165, a plaintiff must produce *facts* from which a reasonable person could infer that the defendant acted with the requisite mental state of recklessness and malice." (Emphasis in original.) *Manifold* v. *Ragaglia*, 102 Conn. App. 315, 325, 926 A.2d 38 (2007). In the present case, the plaintiff's complaint fails to allege facts, even when viewed in a light most favorable to the plaintiff, to demonstrate that Wright, Maldonado, Gershowitz, Gedansky, E. Maldonado, or VanOundenhove acted in a wanton, reckless or malicious manner.

In order to determine if a state actor has acted beyond the scope of his or her employment, "it is necessary to examine the nature of the alleged conduct and its relationship to the duties incidental to the employ-

ment." *Martin* v. *Brady*, supra, 261 Conn. 377. Here, none of the actions alleged to have been taken by the defendants is arguably outside the scope of their respective employment. There are no allegations of misuse of governmental authority for personal gain as the court found to be actions outside the scope of a state actor's employment in *Antinerella* v. *Rioux*, 229 Conn. 479, 499, 642 A.2d 699 (1994) (defendant's alleged actions were motivated by purely personal considerations entirely extraneous to his employer's interest), overruled in part by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003), nor are there any allegations of the extraneous manipulation of government authority in order to justify erroneous conduct such as was found to be outside the scope of a state actor's employment in *Shay* v. *Rossi*, 253 Conn. 134, 174, 749 A.2d 1147 (2000) (defendants' alleged actions were solely to justify their own prior unjustified conduct and not to carry out government policy with which they were entrusted), overruled in part by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003). Once again, even when viewing the allegations of the plaintiff's complaint in the light most favorable to the plaintiff, the court finds that there are no allegations of misuse of governmental authority for personal gain, extraneous manipulation of government authority in order to justify erroneous conduct, or other actions that exceed the scope of the defendants' respective employment.

In sum, the plaintiff has not alleged any facts that support a conclusion that any of the defendants' conduct was wanton, reckless or malicious or that such conduct was outside the scope of their respective employment. Consequently, to the extent the plaintiff has sued Wright, Maldonado, Gershowitz, Gedansky, E. Maldonado, and VanOundenhove in their individual capacities, those claims are barred by the immunity provided by § 4-165.[4]

### D

### Standing

The plaintiff's claim against Gedansky, in particular, and against the other defendants to the extent such claim is made, further fails because the plaintiff lacks standing to assert a claim based on a failure to conduct a criminal investigation. It is a well established principle that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973); see *Kelly* v. *Dearington*, 23 Conn. App. 657, 660–61 and n.4, 583 A.2d 937 (1990); see also *Leeke* v. *Timmerman*, 454 U.S. 83, 87, 102 S. Ct. 69, 70 L. Ed. 2d 65 (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants). The plaintiff is not entitled to a criminal investigation of his complaint by the state's attorney or [the] police or to

a prosecution if an investigation had taken place. Accordingly, the court lacks subject matter jurisdiction to adjudicate the plaintiff's claim against any of the defendants for failure to conduct a criminal investigation because the plaintiff lacks standing to assert such a claim against them. See *Lewis* v. *Slack*, 110 Conn. App. 641, 643, 955 A.2d 620, cert. denied, 289 Conn. 953, 961 A.2d 417 (2008).

## E

### Conclusion

For the foregoing reasons, the defendants' motion to dismiss is GRANTED. This action is dismissed in its entirety as to all defendants.

\* Appeal dismissed in part; affirmed in part. *Kaminski* v. *Semple*, 196 Conn. App.    ,    A.3d    (2020).

[1] The plaintiff also confirmed at oral argument that he was seeking declaratory relief as to Semple only and money damages as to all other defendants.

[2] The recognized exceptions are: "(1) when the legislature, either expressly or by force of a necessary implication, statutorily waives the state's sovereign immunity . . . (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights . . . and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority." (Citations omitted; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 349.

[3] See footnote 2 of this opinion for exceptions (2) and (3).

[4] In their memorandum of law, the defendants also argue that to the extent the plaintiff purports to assert any federal claims for money damages against the defendants in their individual capacities, those claims are also barred by qualified immunity. The court recognizes that "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." (Internal quotation marks omitted.) *Ashcroft* v. *al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). However, the court does not address this ground because the plaintiff has not alleged any federal claims.